EMMA C. NASH *vs.* GEORGE J. HEALD.

Essex.    March 4, 1940. — September 10, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Negligence,* Motor vehicle, In use of way, Violation of law, Imputed, Guest. *Proximate Cause. Practice, Civil,* Order of evidence; Exceptions: whether error harmful. *Error,* Whether harmful.

Evidence that an automobile operated by a defendant on his right side of the road collided with another automobile headed in the opposite direction on the same side of the road, although the defendant had ample time and space in which to turn slightly to his left and pass the other automobile, warranted findings that the defendant was negligent and that his negligence was a cause of the collision; the mere presence of the other automobile on its left side of the road did not require a ruling that its operator's negligence was the sole cause of the collision.

In an action by an adult guest passenger in an automobile for personal injuries sustained in a collision with an automobile operated by the defendant, it was proper to refuse requested rulings to the effect that recovery would be barred by negligence of the operator of the first automobile contributing to the collision, or would be barred by such negligence if the plaintiff had voluntarily surrendered all care of himself to the operator without reference to whether the plaintiff himself was contributorily negligent.

In an action for personal injuries, there was no error prejudicial to the defendant in admitting testimony by the plaintiff's physician stating the information which had been given him as to the nature of the plaintiff's injuries before he commenced his treatment, where hospital records verifying such information were subsequently admitted without objection of the defendant.

TORT.    Writ in the District Court of Eastern Essex dated February 24, 1937.

There was a finding for the plaintiff in the sum of $2,154.75 by *Simonds,* J. The defendant appealed from an order by the Appellate Division for the Northern District dismissing a report.

*H. C. Mamber,* for the defendant.

*R. C. Davis,* (*W. J. MacInnis* with him,) for the plaintiff.

DONAHUE, J. The plaintiff, a woman eighty-two years of age, was injured in the collision of an automobile in which she was riding on the invitation of its owner, a friend named Hills, and an automobile owned and operated by the defendant. This action, which was brought to recover damages for her injuries, was tried in a District Court. The judge found for the plaintiff and reported to the Appellate Division various rulings made by him and an order was there entered dismissing the report.

The judge found, and there was evidence recited in his report to warrant the finding, the following material facts relating to the collision: It occurred at about nine o'clock in the evening of July 1, 1936, on the northerly side of Eastern Avenue in the town of Essex. The street runs in a general east and west direction. The automobile in which the plaintiff was riding, hereinafter referred to as the Hills automobile, was being operated for its owner by one Bennett, in an easterly direction on Eastern Avenue. As the Hills automobile approached Southern Avenue, which entered Eastern Avenue from the south, it was proceeding at the rate of speed of twenty miles an hour. When the Hills automobile was at the intersection Bennett saw an automobile "coming fast out of Southern Avenue." He instantly "swerved" the Hills automobile to the left hand or northerly side of Eastern Avenue, at the same time increasing its speed to about twenty-five miles an hour, "and by so doing, he passed in front of the other car, barely escaping a collision with it." The left front wheel of the Hills automobile struck the northern curb on Eastern Avenue and the automobile came to a stop. Bennett was attempting to "straighten out his car to return to the right hand [the south] side of the street" and the automobile was again in motion, when he saw the defendant's

automobile twenty-five or thirty feet away coming around a curve toward him. The right front end of the defendant's automobile struck the right front end of the Hills automobile before Bennett could move it away from the curb.

The defendant testified that as he approached the place of the collision at the rate of speed of fifteen to twenty miles an hour he saw the Hills automobile "coming across to the curbing from the center of the street" and into the line of travel of the defendant's automobile, and that the two automobiles were then forty-five to fifty feet apart. But the judge warrantably found "the distance to have been greater" and that "There was ample room — more than twenty feet of the width of the street — for him to have passed to the left of the . . . [Hills] car and in safety, by a slight turn of the wheel, and ample time for him to have done so" and that "he was negligent in failing to do so." The weather was clear, the macadam surface of the street dry, and the headlights of both automobiles were lighted. There were no other motor vehicles in the vicinity than those mentioned, passing in either direction.

The evidence warranted the judge's finding that negligence of the defendant, as well as negligence of Bennett, contributed to cause the plaintiff's injury. The fact that the Hills automobile was on its left rather than its right side of the street did not require the conclusion that Bennett's negligence was the sole cause of the collision. The mere fact that a vehicle, whose presence on the highways generally is not unlawful, is temporarily in a position on the street violative of a statute or ordinance does not require the conclusion that its presence is, as matter of law, a cause, or the sole cause, of a collision in which another vehicle is involved. *Wall* v. *King*, 280 Mass. 577, 580, 581. *Butler* v. *Curran*, 302 Mass. 1, 3–4, and cases cited. There is nothing in this case to take it out of the rule that ordinarily where a collision occurs between travellers on a highway the issue as to negligence is for the fact finding tribunal. *White* v. *Calcutt*, 269 Mass. 252, 255. *Beebe* v. *Randall*, 304 Mass. 207, 209–210.

Since, apart from the matter of registration, we reach

the conclusion that the judge did not err in finding that negligence of the defendant contributed to cause the plaintiff's injury, it is unnecessary to determine whether the defendant's automobile was, as the judge found, improperly registered.

The defendant's requests for rulings to the effect that negligence of Bennett is a bar to the plaintiff's recovery were rightly denied.[1] *Bessey* v. *Salemme*, 302 Mass. 188.

The plaintiff on the night of the accident was taken to a hospital where she remained over a month. A physician, who after her discharge from the hospital treated her for several months, was called as a witness by the plaintiff. On direct examination he described her condition while under his care. He testified that before treating her he had informed himself as to her medical history from the time of the accident. He was then asked what this information was and replied, it was that the plaintiff had been injured in an automobile accident, had been taken to the hospital where it was found from examination and X-rays that she was suffering from fractures of the jaw and ribs, a probable injury to her right scapula and considerable shock. At the request of the defendant the judge reported the defendant's objections to this question and to the answer. Later in the course of the trial the records of the hospital were admitted in evidence without objection from the defendant. They verified the information which had

---

[1] The judge refused the following requests of the defendant, among others: "1. If the court finds that any negligence of the operator of the automobile in which the plaintiff was riding contributed to cause the accident which resulted in the plaintiff's injury, then the person [*sic*] cannot recover. 2. If the court finds that the operator of the automobile in which the plaintiff was riding was negligent, and this negligence contributed to cause the plaintiff's injuries, this negligence is to be imputed to the plaintiff. 3. Upon all the evidence in the case, the plaintiff entrusted the care of her person entirely to the operator of the automobile in which she was riding, and if the court finds that the operator of the automobile in which the plaintiff was riding was negligent, then the plaintiff cannot recover." "15. If the court finds that the driver, Bennett, was negligent, and his negligence contributed to the accident, the plaintiff cannot recover. 16. On all the evidence the court must find that the plaintiff voluntarily surrendered all care to the driver, Bennett, and if Bennett was negligent, the plaintiff is bound by his negligence. 17. If the driver, Bennett, was negligent and such negligence contributed to the accident, the burden is on the plaintiff to prove that she did not rely and trust herself to the sole care and management of Bennett and that she did not rely solely on the vigilance and care of Bennett." — REPORTER.

been given to the physician before he undertook the treatment of the plaintiff. There was no prejudicial error merely because the hospital record showing the injuries of the plaintiff, which was later introduced in evidence without objection, was not in evidence at the time the physician testified. *Morrison* v. *Lawrence*, 186 Mass. 456, 458. *Letchworth* v. *Boston & Maine Railroad*, 220 Mass. 560, 564. *Pendleton* v. *Boston Elevated Railway*, 266 Mass. 214, 219. *Clark-Rice Corp.* v. *Waltham Bleachery & Dye Works*, 267 Mass. 402, 412. *Stowe* v. *Mason*, 289 Mass. 577, 582. *Kelley* v. *Boston*, 296 Mass. 463, 466, 467.

There is no basis for the contention made by the defendant that there was no evidence showing that the injuries of the plaintiff were caused by the collision of the two automobiles. Prior to the collision she was riding on the right hand side of the rear seat of the Hills automobile. After the collision she was lying on the street five feet behind the Hills automobile. She was quickly placed upon a mattress and taken by a passing automobile to the hospital. She then had the injuries described in the hospital report.

The defendant's requests for rulings to the effect that negligence of the operator of the Hills automobile was the sole cause of the plaintiff's injury, that the plaintiff was negligent and that no act or omission of the defendant contributed to cause the collision were rightly denied.

*Order dismissing report affirmed.*