ELIZABETH KERR *vs.* ALPHONSE DEVEAU
(and three companion cases[1]).

Hampden.     December 30, 1941. — March 30, 1942.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Negligence,* Motor vehicle, Use of way, Violation of law.  *Law of the Road.   Proximate Cause.*

Where approximately one half the width of a section of road was barricaded, leaving ample room for two vehicles to pass abreast on the unbarricaded side, failure of the defendant seasonably to drive his automobile to his right of the middle of the open half of the road, with the result that it collided head on with the plaintiff's automobile proceeding in the opposite direction, could be found to be a violation of G. L. (Ter. Ed.) c. 89, § 1, and to be negligence on the defendant's part which was the proximate cause of the collision.

The operator of an automobile proceeding on a road which was straight for a considerable distance ahead could properly be found negligent in failing to observe seasonably and in colliding head on with another automobile proceeding in the opposite direction at a place where the road was narrowed by the making of repairs but where there was ample room for the automobiles to pass abreast.

---

[1] The plaintiffs in the companion cases are Rose Gero, Muriel Gero Brown, and Charles W. Kerr.

FOUR ACTIONS OF TORT. Writs in the District Court of Springfield dated January 8, 1935, March 9, 1935, March 9, 1935, and January 31, 1935.

Upon removal to the Superior Court, the actions were tried together before *Leary*, J., and in this court were submitted on briefs.

*A. D. Giustina*, for the defendant.

*H. A. Moran*, for the plaintiffs Kerr.

*R. W. King*, for the plaintiffs Gero and another.

COX, J. These are four actions of tort tried together. Verdicts were returned for the plaintiffs. The defendant excepted to the denial of his motion for a directed verdict in each case. Three of the plaintiffs were riding in an automobile belonging to one of them that was operated by her father, in whose case, tried with the four others, the jury found for the defendant. The fourth plaintiff, who sues to recover consequential damages, is the father of one of the plaintiffs, a minor.

The jury could have found that the party was travelling from Springfield to Boston, and for some distance after leaving Palmer had been following a large truck. They proceeded down a hill in Charlton at about the distance of a "car and a half length" behind the truck. The road, which ran easterly and westerly, was originally twenty feet wide, with a white line painted in its center, but prior to the accident the old road had been widened by laying an additional width of twenty feet on the south. The new road was open to traffic except for a section of about two hundred feet, within which repairs were being made along the line where the old road and the new part met. There were wooden horses as barricades at either end of this section which closed the entire width of the new part and about two or three feet of the southerly side of the old road. The whole road, except where barricaded, was open to two-way traffic. The plaintiffs' automobile, travelling on its right of the white line that marked the center of the old road, followed the truck as it travelled that part of the old road opposite the barred section. There was sufficient room on the old part of the road to the north of the easterly barrier,

about eighteen feet, for two automobiles to pass. When the plaintiffs' automobile was about half way past the easterly barrier, and was "just nosing back" to its right hand side of the road, that is, to the new southerly part, the defendant's automobile, which was proceeding westerly, "loomed up." "Just as soon as the truck pulled out to the right side the . . . [defendant's automobile] was right into us." It "just came right ahead, right into us." The automobiles were head on after the collision. The road was approximately straight for a distance of about one thousand feet from the westerly barrier in an easterly direction, and the defendant testified that he could see the road for about one mile. There was evidence that the defendant said that he did not see any repair work, barriers or the plaintiffs' automobile until he crashed.

The only point argued by the defendant is that there was no evidence of his negligence. This is the only question for consideration. *Perricotti* v. *Andelman*, 298 Mass. 461. The jury could have found that the defendant at the time of the collision was violating G. L. (Ter. Ed.) c. 89, § 1, which provides that when persons travelling with vehicles meet on a way, each shall seasonably drive his vehicle to the right of the middle of the travelled part of such way, so that such vehicles may pass without interference. An automobile is a vehicle within the meaning of the statute. See *Baker* v. *Fall River*, 187 Mass. 53, 56. A penalty is provided by § 5 of said c. 89, as appearing in St. 1936, c. 49, for a violation of said § 1. In applying said § 1 to the circumstances disclosed, the travelled part of the way opposite the section that was barred could have been found to be that part of the old road that was open to travel. *Clark* v. *Commonwealth*, 4 Pick. 125. *Jaquith* v. *Richardson*, 8 Met. 213, 215–217. *Commonwealth* v. *Allen*, 11 Met. 403, 405. See 41 L. R. A. (N. S.) 326. It is true that the collision occurred as the plaintiffs' automobile was passing the easterly barrier, so that it could be found that the defendant had not quite reached that barrier. But by the terms of said § 1 the defendant was required "seasonably" to drive his vehicle to the right of the middle of the travelled part

of the way. Whether the statute was violated was a question of fact, *Patrican* v. *Garvey*, 287 Mass. 62, 64; *Nicoli* v. *Berglund*, 293 Mass. 426, 428, and it was also a question of fact whether the violation of the statute was a cause or a mere attendant circumstance. *Butler* v. *Curran*, 302 Mass. 1, 3–4, and cases cited.

Moreover, it could have been found that the defendant did not see any repair work, barriers or the plaintiffs' automobile until he crashed. From his position on the road, as it could have been found to be at the time of the collision, and from the evidence of his inattention to obvious conditions, it could have been found that the defendant was negligent in operating his automobile on a straight road, where he could see for about one mile, in such a manner that it came into head on collision with the plaintiffs' automobile, which could have been found to be on its own side of the road with ample room for the defendant to pass it on its left.

*Exceptions overruled.*