MARY W. FITZGERALD *vs.* HARRY E. PACKARD
(and six companion cases [1]).

Essex.   October 5, 1944. — December 28, 1944.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & SPALDING, JJ.

*Negligence,* Motor vehicle, Use of way, Contributory.

Evidence of the circumstances in which, after two automobiles ahead of an automobile operated by the plaintiff had skidded on an icy highway, that automobile struck the one immediately ahead, swerved to the left across the highway and collided with an automobile operated in the opposite direction by the defendant, who did not stop nor slacken speed when he observed the skidding of the two automobiles ahead of the plaintiff and did not watch the automobile operated by the plaintiff, warranted a finding of negligence on the part of the defendant and did not require a finding of contributory negligence on the part of the plaintiff.

SEVEN ACTIONS OF TORT.   Writs in the Central District Court of Northern Essex, those in the first six actions dated September 3, 1942, and that in the seventh action dated November 5, 1942.

Upon removal to the Superior Court, the actions were tried together before *Buttrick,* J., who reported them.

*G. Karelitz,* for the plaintiffs.

*F. H. Magison,* for the defendant.

LUMMUS, J.   The plaintiff Mary W. Fitzgerald, on January 14, 1942, at half past four in the afternoon, was operating an automobile owned by the plaintiff Aileen Fitzgerald, in which were riding, apparently as guests, the plaintiffs Agnes Paquette, Eleanor Paquette, Emma White, and Robert White.   The place was the main highway from Boston to Haverhill, about forty feet wide, with two lanes for northerly traffic and two lanes for southerly traffic.   Three

---

[1] The companion cases are actions for personal injuries brought respectively by Agnes Paquette, Eleanor Paquette, Emma White, and Robert White; an action for consequential damages, brought by Edward Paquette, the father of Eleanor Paquette; and an action for damage to an automobile, brought by Aileen Fitzgerald; all against the defendant Packard.

automobiles were proceeding northerly on the east side of the road, about two car lengths apart, at a rate of fifteen miles an hour, according to evidence for the plaintiffs. In order, from front to rear, they were the Brenner, Kent and Fitzgerald automobiles. The defendant testified that he was operating an automobile going southerly, on the west side of the road, at a speed of twenty-five miles an hour. There was ice on the road.

There was evidence that the Brenner automobile skidded to its left, toward the center of the road, but righted itself and went on. At the same time the Kent automobile skidded, and went to its right into a snowbank. The Fitzgerald automobile, following, struck the Kent automobile, and then swerved to the left into the path of the defendant's automobile with which it collided. The Fitzgerald automobile was damaged, and all persons in it suffered bodily injuries.

The defendant testified that he saw the three automobiles going northerly on the easterly side of the road; that when the Brenner automobile skidded, he was at least a hundred yards away from it; that although he did not know whether or not the Brenner automobile would come across the road, he did nothing but "kept driving straight ahead"; that he saw what happened to the Kent automobile, but turned his head straight ahead so that he did not see what the Fitzgerald automobile did until he noticed out of the corner of his eye an automobile coming across the road in front of him; that he did nothing to stop his automobile or to slow down.

After verdicts for the plaintiffs, the judge under leave reserved entered verdicts for the defendant. The question reported is whether that action was correct.

The evidence warranted a finding that the defendant, seeing the likelihood of a collision, failed to exercise reasonable care to prevent it.

The plaintiffs, other than Mary W. Fitzgerald, are not shown to have borne such a relation to her as to be affected by her conduct. *Shultz* v. *Old Colony Street Railway*, 193 Mass. 309. *Bessey* v. *Salemme*, 302 Mass. 188. There was

no evidence of personal negligence on their part. And Mary W. Fitzgerald was not shown to have been guilty of contributory negligence as matter of law. G. L. (Ter. Ed.) c. 231, § 85. The negligence or due care of the operators of the colliding vehicles was for the jury. *Nash* v. *Heald*, 306 Mass. 518, 520. *Brightman* v. *Blanchette*, 307 Mass. 584, 586, 587. There was error in entering verdicts for the defendant.

*Judgments for the plaintiffs on the verdicts returned by the jury.*