JOSEPHINE R. HUBBARD, administratrix, *vs.* GALIANO CONTI
(and a companion case [1]).

Norfolk.    October 9, 1947. — November 5, 1947.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Negligence,* Motor vehicle, Violation of law, Contributory.  *Law of the
    Road.   Proximate Cause.    Practice, Civil,* Damages, New trial.
    *Damages,* For tort.

Rulings that the operator of an automobile violated G. L. (Ter. Ed.)
    c. 89, § 1, and that such violation was the proximate cause of a collision
    between the automobile and a large motor tractor-trailer were not
    required by evidence that, as the two vehicles approached each other
    on a highway at night from opposite directions, the operator of the
    tractor-trailer saw the automobile on the automobile's left side of the
    road one hundred fifty to two hundred feet away, that, although the
    operator of the tractor-trailer could have stopped it in forty to fifty
    feet, he instead "eased" it to his left at thirty miles an hour, that the
    operator of the automobile turned to his right, and that the vehicles
    thereupon collided near the middle of the road.
Evidence of the circumstances in which a large motor tractor-trailer
    collided at night with an automobile approaching from the opposite
    direction did not show abuse of discretion in the denial of a motion for
    a new trial based on the alleged ground that damages of $6,300 assessed
    against the operator of the tractor-trailer for the death of the operator
    of the automobile under G. L. (Ter. Ed.) c. 229, § 5, were excessive.
Questions of law which were or might have been raised at the trial of an
    action may not be raised anew as of right upon a motion for a new trial.

Two ACTIONS OF TORT.   Writs in the Municipal Court of
Brookline dated December 30, 1941, and February 3, 1942,
respectively.

Upon removal to the Superior Court, the actions were
tried together before *Hudson,* J.

*E. H. Wright,* for the defendants.

*G. A. Murphy, (F. C. Gorman & R. Lederman* with him,)
for the plaintiff.

---

[1] The companion case is one brought by the same plaintiff against Conti's
employer, Boston & Buffalo Transportation Company.

LUMMUS, J.   These are two actions of tort, brought by
the administratrix of the estate of Harry A. Hubbard, to
recover for his death as the result of a collision in Brimfield
on May 14, 1941, between one and two o'clock in the morn-
ing, of an automobile owned and operated by him with a
tractor-trailer, nearly fifty feet long and weighing ten tons,
owned by the defendant Boston & Buffalo Transportation
Company and operated by its servant the defendant Conti.
In each action there was also a count for damage to the
automobile.   There was a verdict for the plaintiff upon each
count in each case.   The cases come here upon the exceptions
of the defendants to the denial of motions for directed ver-
dicts in favor of the defendants, and to the denial of motions
of the defendants for a new trial.

The facts appear largely from the testimony of Conti,
since Hubbard died on the day of the accident.   There was
evidence from which the following facts could have been
found.   Conti was driving westerly, and Hubbard easterly.
Conti was driving down hill at the rate of about forty miles
an hour, on a road which curved to his right, when he saw
Hubbard's automobile one hundred fifty or two hundred
feet away, on the north side of the road, the side on which
Conti was driving.   Hubbard's automobile did not seem to
Conti to be moving.   Although Conti could have stopped
his own vehicle in forty or fifty feet, he did not try to stop,
but "eased" to his left.   The Hubbard automobile was in
fact moving.   The vehicles collided near the middle of the
road, and then crashed into the fence on the south side of
the road.

General Laws (Ter. Ed.) c. 89, § 1, provides as follows:
"When persons traveling with vehicles meet on a way, each
shall seasonably drive his vehicle to the right of the middle
of the traveled part of such way, so that the vehicles may pass
without interference."   By § 5, as amended by St. 1936,
c. 49, violation of that provision is made a misdemeanor.

Even though Hubbard was on the wrong side of the road
in violation of the statute, Conti was not absolved from all
duty of care for his safety.   Conti could have avoided the
accident merely by stopping his vehicle, which he could

have stopped within fifty feet. Instead, he turned to his left, and was travelling at the rate of thirty miles an hour at the moment of the collision. We think the facts presented a case for the jury on the issue of the negligence of Conti. Indeed, the defendants do not contend that that issue could not have been decided in favor of the plaintiff.

Hubbard did not violate the statute merely by driving on his left side of the road. The statute did not apply until he should "meet" the Conti vehicle, and that did not take place until he knew or should have known that the Conti vehicle was approaching. In fact he did drive his vehicle toward his right hand side of the middle of the travelled part of the way. Whether or not he did so "seasonably" was a question of fact for the jury. But even if he violated the statute, that is not conclusive against him. Violation of the law of the road does not bar recovery unless it contributes to cause the accident. *Damon* v. *Scituate*, 119 Mass. 66, 68. *Smith* v. *Conway*, 121 Mass. 216, 218, 219. *Newcomb* v. *Boston Protective Department*, 146 Mass. 596, 604. *Black* v. *New York, New Haven & Hartford Railroad*, 193 Mass. 448, 450. *Kerr* v. *Deveau*, 311 Mass. 210, 212, 213. The jury could find that the efficient cause of the collision was the negligence of Conti, and that the fact that Hubbard originally was driving on his left side of the road was a mere condition, and not a cause, of his injury and death. Moreover, the burden of proving the contributory negligence of Hubbard was on the defendants (G. L. [Ter. Ed.] c. 231, § 85), and the jury could disbelieve all the evidence respecting the plaintiff's being on the left side of the road, leaving no evidence to show him negligent. *Campbell* v. *Ashler*, 320 Mass. 475.

The defendants filed motions for a new trial, and excepted to their denial. The grounds of the motions do not appear in the record, but are said in the brief of the defendants to have been that the verdicts were against the law, the evidence, and the weight of the evidence, and also that the verdicts were excessive. The verdicts for death were in the sum of $6,300. The defendants contend that the culpability of Conti was very small, and that the damages should have

been nearer to the $500 which was the minimum under G. L. (Ter. Ed.) c. 229, § 5 before the change, not applicable to this case, made by St. 1946, c. 614, § 1. The assessment of damages according to the degree of culpability of Conti was for the jury. Ordinarily such assessment presents no question of law for this court. *Fairbanks* v. *Kemp*, 226 Mass. 75, 79, 80. *Dzura* v. *Phillips*, 275 Mass. 283, 290. *Macchiaroli* v. *Howell*, 294 Mass. 144, 148. *Shockett* v. *Akeson*, 310 Mass. 289, 292. Surely there was no abuse of discretion amounting to error of law in the denial of the motions. *Bartley* v. *Phillips*, 317 Mass. 35, 43, 44. So far as the motions were based on other grounds, they fall under the rule that questions open at the trial may not be revived upon a motion for a new trial. *Commonwealth* v. *Osman*, 284 Mass. 421, 426. *Carpenter* v. *Anderson*, 301 Mass. 550, 551. *Commonwealth* v. *Venuti*, 315 Mass. 255, 261, 262.

*Exceptions overruled.*