84 So.2d 675

Jack MASTERS

v.

STATE.

4 Div. 294.

Court of Appeals of Alabama.

Jan. 10, 1956.

John Patterson, Atty. Gen., and Wm. H. Sanders, Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was convicted of a violation of Section 128, Title 36, Code 1940, or what is generally known as "leaving the scene of an accident."

The indictment, in two counts, charged that "Jack Masters, whose name is to the Grand Jury otherwise unknown, the driver of a motor vehicle, towit, an automobile, on the Dothan-Headland road, a public highway in Houston County, Alabama, which said automobile was involved in an accident resulting in a collision with and damage to an automobile owned by the Eagle Publishing Company, doing business as The Dothan Eagle," (setting out the names of the individuals composing the partnership and the damage to the said automobile) "did fail to immediately stop the automobile driven by the said Jack Masters at the scene of such accident, and did fail to give his name and address and the registration license number of his automobile, as required by law."

The indictment sufficiently identified the defendant as the driver of the automobile involved in the collision.

W. Perry Calhoun, Dothan, for appellant.

Other grounds of demurrer challenged the indictment because it alleges the accident resulted in "damage to an automobile," rather than "damage to a vehicle" as used in the statute. Appellant's contention that by the use of the word "auto-

mobile" instead of the word "vehicle" the indictment was rendered too general and was not specific enough to inform appellant of the charge against him, and that it fails to allege that the damaged automobile was a vehicle is without merit. The word "vehicle" is held to have a broader meaning than the term "automobile," 91 C.J.S., Vehicle, p. 805; Golding-Keene Co. v. Fidelity-Phenix Fire Ins. Co., 96 N.H. 64, 69 A.2d 856, 12 A.L.R.2d 591, and an "automobile" has been held to be included within the term "vehicle." Mills v. Court of Com'rs of Conecuh County, 204 Ala. 40, 85 So. 564; 60 C.J.S., Motor Vehicles, § 1, p. 112; White v. District of Columbia, 55 App.D.C. 197, 4 F.2d 163; Kerr v. Deveau, 311 Mass. 210, 40 N.E.2d 872; Jernigan v. Hanover Fire Ins. Co. of New York, 235 N.C. 334, 69 S.E.2d 847. The demurrer was properly overruled.

The evidence for the State tended to show that an automobile owned by the Eagle Publishing Company of Dothan and operated by one W. F. Green was traveling up hill on the Dothan-Headland Road on November 16, 1953, when defendant, driving an Oldsmobile, approached from the opposite direction on the wrong side of the road. Green turned his automobile to the left in an attempt to avoid a collision, but the right side of his car was struck by the right side of defendant's car. Both automobiles were approximately in the middle of the road, each on the wrong side, at the time of the impact.

After the collision defendant's automobile continued down the hill for approximately three-tenths of a mile, crossed a bridge, turned left onto a dirt road and travelled the dirt road for some fifty or seventy-five yards.

Shortly after the accident defendant's brother, Bob Masters, came along, and having been told the direction defendant's car had travelled, went in search of his brother and came upon the car on the dirt road with defendant still under the wheel.

He pushed the car off the road and took defendant to his home.

Defendant, as a witness in his own behalf, testified his automobile was involved in the collision, but stated that he received personal injuries and remembered nothing after the collision until he was being put to bed at home by his brother.

■ The conflict in the testimony presented a question for the determination of the jury, and defendant was not entitled to the general affirmative charge.

■ We find no error in the court's action in overruling objections to these questions by the Solicitor on cross-examination of the defendant:

"Q. As a matter of fact, when you went over that hill and started to meet the Eagle car, he was on this side of the road, his right side coming, when you first saw him coming, wasn't he?

"Q. Didn't you run off the left hand side of the road, your left hand side going north, and didn't you get off the pavement on the left hand side going north, just previous to the accident?"

The defendant had testified on his direct examination that the automobile driven by Mr. Green was traveling on the wrong side of the road when he first saw it.

The defendant having first opened up the subject, it was permissible for the State to go into the matter on cross-examination. Burgess v. State, 256 Ala. 5, 53 So.2d 568, and authorities cited.

■ Moreover, the range and extent of cross-examination rests in the sound discretion of the trial court, and is not reviewable unless that discretion has been abused. Burgess v. State, supra.

We find no reversible error in the record and the judgment of the trial court is affirmed.

Affirmed.