*Southern District*

## LENA CLOSSON

### v.

## HAROLD PETERSON

*Welch, J.* This is an action of tort for damages for personal injuries and property damage which the plaintiff alleges she received because of a collision between a motor vehicle owned and operated by her and one owned and operated by the defendant. The answer was a general denial, contributory negligence and that the plaintiff was guilty of a violation of law which contributed to cause the injury or damage.

It was agreed that Route 128 is a public highway and that both parties were properly licensed and the vehicles were properly registered. It was also agreed that if there should be a finding for the plaintiff on the count for property damages, this amount was $295.

*At the trial there was evidence for the plaintiff tending to show that* on July 23, 1954 at about 4 P.M. the plaintiff was traveling on Route 9 in Needham and turned off onto a ramp leading into the southbound land of Route 128. When she reached the intersection of the ramp and Route 128, she stopped, looked to her left and saw no traffic approaching. She shifted into first speed and started to ease across Route 128 toward a point where the center strip dividing Route 128's north and southbound lanes ended. Her intention was to cross over into the northbound lane and go up another ramp leading into Route 9 in a direction opposite to the one she

had been traveling. She was moving very slowly, not more than five miles per hour, when the defendant's motor vehicle, approaching from the rear, collided with her vehicle. The right front portion of the defendant's vehicle struck the left center portion of the plaintiff's vehicle at the left front door.

The plaintiff testified that at no time prior to the collision did she see the defendant's vehicle.

When the collision occurred the front of the plaintiff's vehicle had not reached the white line dividing the southbound and northbound lanes of Route 128, just beyond where the center strip ended.

The weather was clear and the road was dry.

There was evidence that from the intersection of the ramp leading into the southbound lane of Route 128 and the end of the center strip dividing Route 128 at this point, the distance was more than two hundred feet. The southbound land of Route 128 at this location was three lanes wide and was level.

The defendant testified that as he approached the locality of the accident he was traveling forty-five miles per hour and when he was three hundred yards from the place of the accident he reduced his speed to thirty miles per hour. He had a clear and unobstructed view of about a quarter of a mile as he approached the location of the accident. There were no other vehicles present and he did not notice the plaintiff's vehicle until just before the collision. He testified that when the defendant's vehicle was opposite the left side of Route 9 in the lane next to the island on the right side of the highway the plaintiff's vehicle was forty feet in front of him on the second lane. There was a sign "No U Turns" on the center strip facing direction he was traveling.

Records of the Department of Public Works of the Commonwealth were introduced which indicated that the sign was placed there by that Department.

A witness for the defendant testified that the defendant's car was going slowly and it swerved to the

left without warning just as the plaintiff started to pass. The turn was abrupt at the point where the island ended. The sign is about fifty feet from the end of the island.

Exhibits were introduced in evidence and incorporated in the Report. They were placed in the custody of the clerk for use of the Appellate Division, and we have before us a plan and two photos showing the damage to the plaintiff's automobile.

The plaintiff duly filed requests for rulings, which, with the rulings of the trial judge, are as follows:

1. From all the evidence it could be found that the defendant was operating his motor vehicle at a rate of speed which was negligent and improper at the time of the collision. *Denied.*

2. The due care of the plaintiff is presumed. *Granted.*

3. The presumption of due care is not overcome by the evidence offered by the defendant. *Denied.*

4. It is incumbent upon the defendant to prove lack of due care on the part of the plaintiff. (G. L. c. 231, §85. *Granted.*

5. From all the evidence it can be found that the accident was the result of the defendant's negligence, and that there was no contributory negligence on the part of the plaintiff. *Denied.*

6. The defendant was negligent if he was operating his automobile at such a speed that he could not bring it to a stop within the range of his vision. *Levine v. Bishop,* 292 Mass. 277. *Denied. On facts defendant operated at thirty miles per hour.*

7. From the evidence it can be found that the plaintiff did not violate the rule of the road as set forth in G. L. c. 89, §§1-4. *Granted.*

8. Violation of the law of the road does not bar recovery unless it contributes to cause the accident. *Kerr v. Deveau,* 311 Mass. 210. *Hubbard v. Conti,* 321 Mass. 743. *Granted.*

9. It is a question of fact to be determined whether the violation of the statute was a cause or a mere attendant circumstance. *Butter v. Curran,* 302 Mass. 1. *Granted.*

The defendant duly filed the following requests for rulings:

1. There is evidence to warrant a finding for the defendant. *Granted.*

2. There is evidence to warrant a finding that the plaintiff contributed to causing the accident in issue by a violation of the law. *Granted.*

3. If the accident in issue was caused in whole or in part by a violation of law on the part of the plaintiff then the plaintiff is barred from recovery. *Granted.*

4. There is no evidence to warrant a finding for the plaintiff. *Denied.*

5. The plaintiff was in violation of law at the time of the accident. *Granted.*

6. There is no evidence that the defendant was violating the law at the time of the accident. *Granted.*

The court found the following facts: "The violation of law was the cause of the accident and not a condition."

The plaintiff claims to be aggrieved by the court's denial of her requests numbered 1, 3, 5 and 6, and the court's granting of defendant's requests numbered 1, 2, 3, 5 and 6.

We think there was no error.

From the evidence, and from the plan which is before us, is apparent that the trial judge found that the plaintiff who entered Route 9 two hundred feet north of the point of collision, passed a "No U Turn" sign fifty feet North of that point and that she crossed over the second lane into the third or easterly lane and was about to make a "U" turn when the collision occurred.

There was no error in the disposition of the requests.

The Department of Public Works erected the "No U Turn" sign under the provisions of G. L. (Ter. Ed.) c. 85 §2. The court has found that the plaintiff's attempt to make a "U" turn in a forbidden area was a violation of law and was the cause of the accident and not a mere condition. *Hubbard v. Conti,* 321 Mass. 743. *Kerr v. Deveau,* 311 Mass. 210. This precludes recovery and requests based on the negligence of the defendant are immaterial.

*The report is dismissed.*