OLIVE S. KEENAN, administratrix, *vs.* ANTHONY R. THIBODEAU (and three companion cases[1]).

Worcester.   September 26, 1960. — November 22, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, & CUTTER, JJ.

*Negligence,* Motor vehicle, Bus. *Evidence,* Relevancy and materiality, Violation of rule.

A finding of negligence on the part of the operator of a bus was not warranted by evidence that while the bus was proceeding at a place where a retaining wall ran close to the right side of the road an automobile turned to its left out of a line of automobiles approaching from the opposite direction a short distance away and headed directly for the bus, that the bus operator thereupon stopped the bus without attempting to turn it off the road to his right into a "recessed area" made by a jog in the retaining wall, whereupon the automobile ran into the bus, and that the bus operator had been talking to a passenger.   [454–455]

At the trial of actions arising out of a collision between a bus and an automobile, there was no error in excluding a question to the operator of the bus as to whether he had violated "a rule" about conversing with passengers "on . . . [his] run from . . . [a certain city] to the scene of the accident."   [455]

FOUR ACTIONS OF TORT.   Writs in the Superior Court dated respectively March 19, 1952, March 17, 1952, September 4, 1951, and March 22, 1952.

The actions were tried before *Lurie, J.*

*James J. Stapleton,* for the plaintiffs.

*William J. Noonan,* for the defendants.

WILLIAMS, J.   These are four actions of tort arising from a collision of automobiles in Millville at about 11:25 P.M. on April 2, 1951.   The automobiles involved were a bus of the defendant New England Transportation Co., Inc., in which three of the plaintiffs, Choquette, Roy and Hood, were

---

[1] The companion cases are Olive S. Keenan, administratrix, *vs.* New England Transportation Co., Inc., Isabelle Choquette & another *vs.* New England Transportation Co., Inc., and Mattie Mae Hood *vs.* New England Transportation Co., Inc. & another.

passengers, and a sedan referred to as the Charron car in which one Keenan, the intestate of the plaintiff Olive S. Keenan, administratrix, was a passenger. The first three plaintiffs seek damages from the bus company for personal injuries and the administratrix of Keenan's estate for his death. There is a separate action by the administratrix against one Thibodeau, the operator of the bus, and he is also joined as defendant in the action of Hood. At the conclusion of the evidence the judge ordered the return of verdicts for the defendants and the cases come to us on a consolidated bill of exceptions setting forth the respective exceptions of the plaintiffs to these orders and to evidential rulings.

From evidence introduced by the plaintiffs, as to which there seems to be no controversy, the bus was a six wheel vehicle, six feet wide, with six or seven cross seats on either side, and accommodated forty-one passengers. At the time of the accident it was proceeding in a northerly direction on a numbered State highway. Thibodeau was the driver and as he neared the business center of Millville was travelling on the right of the road at a speed of twenty to twenty-five miles an hour. At that point the road curved to the west, as shown on photographs which were in evidence. It was a black tarred road thirty-three feet wide with a white line approximately in the center, fifteen feet from a curbing on the west and eighteen feet from the edge of the hard surface on the east. Approaching the curve from the north was a line of traffic consisting of four or more cars. The third car in this line, a sedan, which was the Charron car, "cut out" of line to its left, apparently to pass the cars ahead, and came directly toward the bus on the easterly side of the white line. Thibodeau put on his brakes and had stopped or was "barely moving" when the sedan ran into the front of the bus. Photographs taken after the collision show the sedan in contact with the front of the bus, to the east of the white line except for the right rear wheel which was on the line and the right front wheel which was slightly to the west of the line.

There is no question as to the negligence of the driver of

the sedan, whose identity is not disclosed by the record. The plaintiffs contend, however, that Thibodeau was also negligent in not avoiding the collision by driving the bus to his right and off the pavement of the road. Approaching the point of collision from the south there was a retaining wall on the east which ran close to the road for a distance of from thirty-five to forty feet. The wall was broken by a driveway beyond which was a large tree and a jog in the wall resulting in a "recessed area" where the space between the pavement and the wall was ten feet six inches in width. According to a witness called by the plaintiffs who had made certain measurements, the length of this recessed area was from four to five feet but it appears from the photographs to be somewhat longer. This area was large enough to accommodate a parked automobile.

Thibodeau when called by the plaintiffs testified that when the sedan cut out of line it was from fifty to seventy-five feet from the bus and that the collision occurred "like a flash." The only other evidence as to the distance between the vehicles at the time was from Mrs. Hood who testified that the sedan turned out when about three automobile lengths from the bus. Disregarding Thibodeau's characterization it is plain that the interval of time for action by him was at most a matter of a few seconds. Confronted with an emergency not of his own creation and not reasonably to have been anticipated, he instinctively put on his brakes and stopped his bus. See *Hathaway* v. *Checker Taxi Co.* 321 Mass. 406, 408–409. We think that a jury would not be warranted in finding that in the circumstances he failed to exercise the care of the reasonably prudent man. The cases are distinguishable in their facts from the following cases relied on by the plaintiffs which held that the evidence of opportunity to avoid a threatened collision was sufficient to warrant its submission to a jury. *Nash* v. *Heald,* 306 Mass. 518. *Fitzgerald* v. *Packard,* 317 Mass. 431. *Mazzaferro* v. *Dupuis,* 321 Mass. 718. *Hubbard* v. *Conti,* 321 Mass. 743. *Hartson* v. *Winship,* 326 Mass. 380. *Lilien* v. *Bibby, ante,* 148. In the instant cases the bus driver could do nothing to avert a collision but stop his

bus.   It cannot reasonably be contended that he might have swung his long heavy vehicle off the road into the recessed area in front of the retaining wall in time to avoid the oncoming car.

There was evidence, not hereinbefore mentioned, from the plaintiff passengers in the bus that the driver had been talking with a girl on one of the right front seats and somewhat behind him.   The evidence was not sufficient to warrant a conclusion that his operation of the bus was thereby affected or that it delayed his apprehension of the approaching car.

There was no error in directing the verdicts for the defendants.

Thibodeau when called as a witness by the plaintiffs was asked on direct examination: "[H]ad you desired to for whatever the reason may have been, you could have moved your vehicle by steering it more to the right of the road than what it was on when you first saw the Charron car, couldn't you?"   The question was excluded and the plaintiffs excepted.   If there was error it was cured by the next questions and answers.   Q.   "Now there was room to your right on the highway proper for you to have moved your automobile or your bus to the right had you desired to?"   A.   "No sir."   Q.   "[Y]ou say that because you were way over on your right as far as you could get?"   A.   "Yes sir."   He was further asked, "There is a rule, is there not, that relates to the matter of whether you as a bus driver may or may not carry on a conversation while driving, with a passenger?"   He answered, "Yes sir."   He was then asked, "And it is the fact, is it not, that you violated that rule that night on your run from Woonsocket to the scene of the accident?"   On objection by the defendants, the question was excluded and the plaintiffs excepted. There was no error.   The rule, assuming it to be one of the witness's employer, was not offered or brought to the attention of the judge and the inquiry was not directed to Thibodeau's conduct at or immediately preceding the accident.

*Exceptions overruled.*