Giles, J.

Introduction

This is a motor vehicle personal injury action arising out of a three-car accident on August 10, 1998, in *654 Bedford, Massachusetts. The plaintiff, Joseph Amico (“plaintiff’), has brought negligence claims against defendants Patrick Lyons (“Lyons”) and his wife, Lucille Lyons, the operator and owner, respectively, of one of the other vehicles, and against defendant Michael D. Karisny (“Karisny”), the owner-operator of the third vehicle. Karisny has moved for summary judgment, which motion the plaintiff opposes.

Background

On August 10, 1998, the plaintiff was proceeding west on Route 225, a two-lane roadway in Bedford. He brought his automobile to a stop and waited to take a left-hand turn across the opposite lane of travel. The Lyons’ vehicle, traveling in the same direction on Route 225, rear-ended the plaintiffs car and “catapulted” it into the oncoming, eastbound lane. At that moment, Karisny was proceeding east of Route 225. He applied his brakes upon seeing the plaintiffs car being propelled into his path but was unable to stop before striking it broadside. The plaintiff was injured as a result of the collisions.
The plaintiff claims that, when he saw Karisny’s truck for “a few seconds” at distance of “a little bit more than ten feet it "was moving along pretty well;" but he could not estimate its speed. He further alleges that Karisny “was driving a little bit faster than he should have been driving and probably wasn’t aware of his surroundings” when he struck the plaintiff in “a lot of traffic.” The plaintiff claims that, immediately after the accident, Karisny said that he had not seen the plaintiff and that he was sorry.

Discussion

This court grants summary judgment where there are no genuine issues of material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l. Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of demonstrating affirmatively that there is no genuine issue of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Where the moving party does not have the burden of proof at trial, this burden can be met by showing that the opponent has no reasonable expectation of proving an essential element of that party’s case. Kourouvacilis v. General Motors Corporation, 410 Mass. 706, 716 (1991); Felsner v. Technical Communications Corporation, 410 Mass. 805, 809 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the motion].” Pederson v. Time, Inc., supra; Madsen v. Erwin, 395 Mass. 715, 719 (1985).
Ordinarily, negligence actions such as the instant one are not amenable to summary judgment, since the question of negligence is usually one of fact. See Mullins v. Pine Manor College, 389 Mass. 47, 56 (1983); Foley v. Matulewicz, 17 Mass.App.Ct. 1004, 1005 (1984). However, where no rational view of the evidence warrants a finding of negligence, a judge may decide negligence questions as a matter of law. Luz v. Stop & Shop Inc., 348 Mass. 198, 203-04 (1964); Mullins v. Pine Manor College, supra. “Cases ‘of sudden emergency may arise where on the evidence the trial judge should rule as a matter of law that the defendant’s response or reaction to the crisis measured up to that of a . . . [person] of ordinary competence acting under similar circumstances.’ ” Newman v. Redstone, 354 Mass. 379, 383 (1968), quoting Whicher v. Phinney, 124 F.2d 929, 933 (1st Cir., concurring opinion of Magruder, J.). See also Keenan v. Thibodeau, 341 Mass. 452 (1960); Orfirer v. Biswanger, 25 Mass.App.Ct. 928, 929 (1987). Such is the case here.
It is uncontroverted that the plaintiffs car was propelled suddenly and unexpectedly into the oncoming path of Karisny’s truck. The plaintiff himself admits that he only had a few seconds and about ten feet within which to react before being struck by Karisny. Under the circumstances of this accident, Karisny’s inability to anticipate and respond in a timely fashion to the sudden emergency was reasonable as a matter of law.
The plaintiffs allegations of negligence on Karisny’s part are legally deficient. No rational trier of fact could determine that the plaintiff had sufficient opportunity and ability — a few seconds and feet during a crisis— within which to observe that Karisny “was driving a little bit faster than he should have been.” Moreover, the plaintiffs claim that Karisny was being inattentive at the time is pure speculation and refuted by the fact that, in attempting to brake, Karisny demonstrated that he was not heedless of the plaintiffs plight. The mere happening of a motor vehicle accident, where the preceding circumstances are left to conjecture, is insufficient evidence of negligence. Spano v. Wilson Tisdale Company, 361 Mass. 209, 212 (1972); Callahan v. Lach, 338 Mass. 233, 235 (1958). Finally, an expression of sympathy, such as “I’m sorry,” is not an admission of liability. Denton v. Park Hotel, Inc., 343 Mass. 524, 528 (1962); Casper v. Lavoie, 1 Mass.App.Ct. 809, 810 (1973).
Under the circumstances of the case at bar, no rational factfinder could find negligence of the part of Karisny. Therefore, the plaintiffs claim against him must fail.

Conclusion

For all the foregoing reasons, the motion of defendant Michael D. Karisny for summary judgment is hereby ALLOWED.