## MASSA ZANDAN *vs.* VICTOR RADNER.

Hampden.   June 26, 1922. — September 15, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Negligence,* In use of motor vehicle. *Evidence,* Relevancy and materiality, Admission, Presumptions and burden of proof.

At the trial of an action by a pedestrian against the owner of a motor car for personal injuries received by being run into by the car, there was evidence tending to show that the motor vehicle, proceeding on the wrong side of the street with great speed, hit the plaintiff and then turned over; that it was found with the "key in the lock and turned on, the spark lever on full, and the gas lever half way on. The clutch was in neutral, slightly forward." There also was evidence that, about an hour before the accident, the defendant had left the car with its left running board by the curb at a point about six hundred feet from where the accident afterward occurred. The defendant testified that he left it with its engine at rest, the key used to turn on the ignition in the lock, the spark lever shut off, and the brakes set; and that the engine started only by cranking. There was no occupant in the car at the time of the accident. The plaintiff's son testified that the defendant within a few days after the accident said in substance that it had been caused by his fault. *Held,* that

(1) Testimony of an expert witness, that the defendant's car could not have moved after being stopped without the intervention of some person unless the engine had been left running, was admissible as relating to the manner in which the vehicle could be put in operation and as tending to prove that it could not start of itself unless the engine was running;

(2) The evidence as to the admission by the defendant had probative force;

(3) The question, whether negligence of the defendant caused the injury to the plaintiff, was for the jury.

TORT for personal injuries caused by being struck by an automobile of the defendant.   Writ dated July 16, 1919.

In the Superior Court, the action was tried before *Bishop,* J. Material evidence, findings by the jury and exceptions saved by the defendant are described in the opinion. There was a verdict for the plaintiff in the sum of $4,250; and the defendant alleged exceptions.

The case was submitted on briefs.

*J. F. Berry & F. J. McKay,* for the defendant.

*W. G. Brownson,* for the plaintiff.

JENNEY, J.  In the early evening of April 9, 1919, the defendant stopped his Ford automobile on Greenwood Street in Springfield

with its left side to the curb in front of his parent's home. Leaving it there unlighted, he entered the house where he remained until after the accident, about one hour later. The plaintiff, who was upon the sidewalk of the same street and in the exercise of due care, was hit by the automobile. There was evidence that the car had no occupant at the time of the injury which occurred over six hundred feet from where it had been left, the grade being slightly upward throughout this distance.

The defendant testified that he left the automobile with its engine at rest, the key used to turn on the ignition in the lock, the spark lever shut off, and the brakes set; and that the engine started only by cranking. There was no direct evidence to the contrary.

There was also evidence that the automobile, proceeding on the wrong side of the street with great speed, hit the plaintiff and then turned over. It was found with "the key in the lock and turned on, the spark lever on full, and the gas lever half way on. The clutch was in neutral, slightly forward." A man was observed running away from the car at the scene of the accident.

The plaintiff's son testified that the defendant within a few days after the accident said in substance that it had been caused by his fault.

At the close of the evidence, the defendant moved that a verdict be directed in his favor, and excepted to the denial of the motion which raised no question of variance between the declaration, specifications and evidence.

The only other exception on which the defendant relies is to the admission of the testimony of an expert witness that the defendant's car could not have moved without the subsequent intervention of some person, unless the engine had been left running. This evidence was properly admitted. It related to the manner in which the vehicle could be put in operation and tended to prove that it could not start of itself unless the engine was running. In connection with other facts it might be considered as of some probative force.

In answer to special questions, the jury found that the defendant left the engine running and that the automobile was not started by a third person; they found for the plaintiff.

No objection was made or exception saved to the submission

of the issues or the instructions given. If the defendant's motion for a directed verdict was rightly denied, the exceptions must be overruled.

It is unnecessary to consider whether the breach of the ordinance which forbade the stopping of any vehicle with its left side against the curb except on Market Street, or the independent violation of G. L. c. 90, §§ 7, 13 — leaving the automobile unlighted — can be considered as contributing to the accident.

While there is grave doubt whether the evidence, apart from the admission of the defendant, justified a finding that the cause of the accident was not the subject of speculation or surmise, because there was no direct evidence that the engine was running when it was left, and as the intervention of some other cause was not excluded, we think that taken as a whole, it was sufficient to warrant the submission to the jury of the issue of the defendant's negligence. The admission had probative force. *Smith* v. *Palmer,* 6 Cush. 513. *Anderson* v. *Duckworth,* 162 Mass. 251. *Adams* v. *Swift,* 172 Mass. 521. It was more direct than the circumstantial evidence sometimes arising from conduct, for instance where a defendant conveys all his property immediately after an accident with which his connection is proved by other evidence. *Portland Gas Light Co.* v. *Ruud, ante,* 272, and cases cited. See also *Egan* v. *Bowker,* 5 Allen, 449; *Hastings* v. *Stetson,* 130 Mass. 76; *Commonwealth* v. *Min Sing,* 202 Mass. 121, 125.

*Exceptions overruled.*