Carr, J.
The original actors in this cause have died. They appear by their legal representatives. For the sake of brevity, we shall refer to the injured party as the plaintiff and to the landlord as the defendant. The plaintiff in this case was a member of the family of Mr. and • Mrs. Ward who were tenants at will of the entire premises. The landlord reserved no right of control. There was evidence and it is now admitted that the landlord had *139 agreed with the tenants to repair the outside back steps. The plaintiff was injured by catching her foot on a loose board in these steps.
It was correctly ruled at the defendant’s request that in such a situation there can be no' recovery in tort by the tenant, or by a member of his family, for injuries sustained as a result of the landlord’s omission to make the repairs agreed upon but recovery may be had for injuries by reason of the landlord’s negligence in making such repairs. Chelefou v. Springfield Inst. for Savings, 1937 A. S. 721, 724.
Assuming that the defendant is entitled to any review in this appeal the only question open to him is whether the evidence warranted a finding that the landlord repaired the step in question before the accident. This is what the defendant stated the issue to be in his argument before us. It is raised by his 7th request. In his brief he stated the issue also included whether the repair was made negligently. Undoubtedly if- the landlord repaired the step and one of the boards then flew up and tripped the plaintiff, negligence could have been found. This issue, however, is not open. No request specifically raised this question. The defendant’s first request deals with all the evidence. Rule 28 of this court provides that no review as of right shall lie to the refusal of a request for a ruling “upon all the evidence” in a case admitting specification of the grounds upon which the request is based unless the grounds are specified. If the defendant wished to' raise this issue it would have been easy to specify it. As this was not done, we do not review the question. McKenna v. Andreassi, 1935 A. S. 2219, 2220.
There was evidence that the plaintiff on November 14, 1935 was injured on a loose board in the rear outside steps; that this loose board was on the third step; that the plain *140 tiff while going down the stairway caught her foot on this loose board on the third stair, tripped and fell; that she stepped on the third step and the board flew up: and she fell; that the landlord repaired the steps about a week before the accident; that early in November the landlord was heard hammering in the rear of the house; that shortly after this hammering he told Mrs. Ward that the stairs were all right to use and told the plaintiff he had fixed the steps and that they were all right now and safe to use; there was also evidence that the steps were “rickety”, showed signs of decay and the boards got loose quickly; that immediately after the accident a witness saw a loose board that had flown up. There was also evidence that after the accident happened, the defendant, landlord, came over to see the plaintiff and stated that he was terribly sorry that the accident happened and said, “Don’t worry about expenses, get the best treatment you can and I will take care of everything.”
This evidence of the hammering and the statement that the landlord had repaired the steps within a week, that he had fixed the steps and they were all right to use, of course, warranted the finding that the landlord had made repairs of the flight of steps and the landlord’s statement to the plaintiff after the accident happened that he was- terribly sorry and not to worry about expenses and to get the best treatment and he would care for everything warranted the finding that he was responsible for the accident and that it was the step which caused the plaintiff to fall that the landlord repaired and repaired carelessly. Wiseman v. Rome, 250 Mass. 505, Dennison v. Swerdlove, 250 Mass. 507, cf. Zandan v. Radner, 242 Mass. 503, 505.
The defendant lays great weight on the case of Withington v. Rome, 258 Mass. 188, 190 in which the court held that the defendant’s statement,, “It is my fault. I will pay all *141 doctor ’s bills ’ ’, was not enough to prove his liability. The evidence in that case was that the' landlord undertook to make repairs; that the window in question was broken and decayed; that the landlord had a new pane of glass put in but made no further change in the window; that the plaintiff, an eighteen months’ old child, was left by its mother in the room and on her return was found on the ground under the window with the window- pane broken. The evidence, however, did not show how the child fell or whether it was the defective part of the window that was responsible for the fall. In other words, no one, least of all the landlord, who said he was to blame, knew what caused the fall or whether, in fact, he was responsiblé. Obviously there was no basis for his confession of fault.
The situation in the case before us is entirely different.It was known just how the plaintiff met with her injury, the step on which she fell and how it caused her to' fall. It is reasonable to suppose that the defendant investigated the cause of injury and informed himself of the known facts before he went to the plaintiff and made statements to her showing consciousness of his fault, and tending to show liability.
Because this report should be dismissed on the merits, it is not necessary to decide but it- seems that the defendant is not entitled to review. He filed no request- for a report but- within the time limited for filing such request, filed the semblance of a report (cf. Ch. 255, Acts 1933). Though there were rulings on both plaintiff’s and defendant’s requests in favor and against the defendant his only specification of the review he seeks is as follows: “The defendant, Tholander, claiming to be aggrieved by the rulings and refusals, to rule as requested, I hereby report the same to the Appellate Division”.
*142 A request for report in this form would not have been good and would not have entitled the defendant to review. It is not enough to file a paper labelled request for report. Such a request must conform to statute and rule. Buie 28 of this court in regard to claims of report is as follows: “A request for a report to the Appellate Division shall contain a clear and concise statement of the ruling upon which a rehearing is requested, sufficiently full and accurate for identification”. Under such a rule the following request for a report was held bad. “Now comes the defendant in the above-entitled action, and being aggrieved by the rulings and findings of the court therein and by the refusals to rule and to find as requested by the defendant in writing before argument, and because the findings and rulings of the court are against the law and the evidence and the weight of the evidence, objects and accepts thereto and request a report”.
The court said, “It is plain that this request did not conform to the rule. It contained no “statement of the rulings” upon which the rehearing was desired. It merely referred to requests for rulings which had been filed by the defendant in writing and which perhaps might be identified. The rule required something more. It demands a full and accurate statement of the rulings concerning which review is sought. Rollins v. Perry, 284 Mass. 488, 489
The only substantial change in procedure made by Chapter 255 of the Acts of 1933 was that a draft report filed within the period required for a request for a report under this section shall be deemed to include a request for a report.
The rule of this court, relating to ,reports, provides as follows: “Such draft report shall state the issues raised by the pleadings, shall set forth in clear and concise terms; the rulings upon which the party seeking the report has *143 requested and now asks a rehearing by the Appellate Division, the stage of the case at which, and the manner in which the same arose, how he- claims to be prejudiced by such rulings, and any other facts essential to a full understanding. of the questions presented”.
A rule of court “has the force of law and is binding upon the court as well as upon the parties to the action and cannot be dispensed with to suit the circumstances of any particular case”. Thompson v. Hatch, 3 Pick. 512, 516, Flynn, Petitioner, 265 Mass. 310, 313.
Filing a document labelled report or draft report which does not conform to rule should no more entitle a party to review than filing a document labelled request for report which does not conform to rule.
Report dismissed.