CHARLES V. CASSIDY *vs.* JOHN A. HOLLINGSWORTH
(and a companion case [1]).

Essex.    May 3, 1949. — June 9, 1949.

Present: QUA, C.J., LUMMUS, DOLAN, SPALDING, & WILLIAMS, JJ.

*Negligence,* Motor vehicle.

Evidence, that an automobile of the plaintiff travelling in a line of traffic on the right side of a street approached an automobile of the defendant stopped on that side just beyond an alleyway, that when the plaintiff's automobile was "half way" past that of the defendant there was contact between the two automobiles, and that immediately thereafter the defendant's automobile was in the alleyway, warranted an inference that, while the plaintiff's automobile was passing the defendant's automobile, the defendant put his automobile in motion for the purpose of backing into the alleyway and caused the contact, and warranted a finding that the defendant was negligent.

TWO ACTIONS OF TORT.    Writs in the District Court of Peabody dated January 30, 1948.

The actions were heard by *Manning,* J.

*J. E. McVann,* for the plaintiffs.

*T. F. Daley, Jr.,* for the defendant.

DOLAN, J.    These are two actions of tort, the first having been brought by the plaintiff Charles to recover compensation for damage to his automobile, and the second by his wife to recover for personal injuries sustained by her in the circumstances recited below.    At the close of the hearing

[1] The companion case is by Julia M. Cassidy against the same defendant.

before the trial judge, he denied the defendant's request for a ruling in each case that the evidence required a finding for the defendant, and found for the plaintiffs.[1]  Upon report the Appellate Division in each case decided that it was prejudicial error to deny the defendant's request above set forth and ordered that a finding be entered for the defendant in each case.  The plaintiffs appealed.

There was evidence to warrant the finding of the following facts.  On October 11, 1947, the plaintiff Julia was operating her husband's automobile on Main Street in Peabody toward Park Street, which entered Main Street from her right.  She was driving on the right side of Main Street.  A building housing a hardware store was on the corner of Main and Park streets, and an alleyway separated that store from an adjoining theatre.  When she first saw the defendant's automobile she was at a distance from it of fifty feet.  It was then stopped on the right side of Main Street, just beyond the alleyway.  She approached, travelling in a line of traffic, and when her husband's vehicle was half way past that of the defendant, she heard a ripping noise.  That was the first time that she knew that there had been an accident.  She continued for about ten car lengths, stopped and parked the automobile and, returning to the scene of the accident, found the defendant's vehicle in the alley adjoining the hardware store and "off" Main Street.  She accused the defendant of "hitting her car," and the defendant said, "I guess I owe you a fender."  There was also evidence of damage to the automobile of the plaintiff Charles and of personal injuries suffered by the plaintiff Julia.  The material findings of fact made by the judge were in substance as set forth above and were supported by the evidence.  There was no evidence to warrant a finding of contributory negligence on the part of the plaintiff Julia.  In denying the defendant's request for a ruling in each case the judge ruled that the evidence would warrant a finding for the defendant but that the request did not comport with the

---

[1] The judge found for the plaintiff Charles in the amount of $275 and for the plaintiff Julia in the amount of $400.

findings made by him (the judge) and the inferences he had deemed fair to draw from them.

There was no error in the ruling of the judge or in the finding, implicit in his decision, that the damage or injuries for which compensation was sought were caused by the negligence of the defendant. In addition to the findings warranted by the evidence and made by the judge, he could have found further that it was a reasonable inference from the location of the defendant's vehicle before the accident and its location just after the accident that, when the vehicle of the plaintiff Charles was "half way by" that of the defendant, the latter put his vehicle in motion for the purpose of backing it into the alleyway and negligently caused it to collide with that of the plaintiff Charles. So far as appears, that inference was not negatived by any testimony introduced in behalf of the defendant explanatory of the accident. *Fone* v. *Elloian*, 297 Mass. 139, 141–142. The evidence and the reasonable inferences therefrom, apart from the admission of the defendant, were sufficient to sustain the burden resting upon the plaintiffs to show that there was "a greater likelihood that . . . [the collision] came from an act of negligence for which the defendant is responsible than from a cause for which . . . [he] is not liable." *Rocha* v. *Alber*, 302 Mass. 155, 157–158. *Howard* v. *Lowell Coca-Cola Bottling Co.* 322 Mass. 456, 458, and cases cited. In all the circumstances disclosed by the evidence it cannot be said properly that the admission of the defendant made so shortly after the collision, that he guessed he owed the plaintiff Julia a fender, did not have some cumulative probative force. *Cutter* v. *Demmon*, 111 Mass. 474, 479. *Zandan* v. *Radner*, 242 Mass. 503, 505, and cases cited. *Credit Service Corp.* v. *Barker*, 308 Mass. 476, 481.

In each case the order of the Appellate Division is reversed and instead an order is to be entered dismissing the report.

*So ordered.*