AGNES T. HARTSON *vs.* LAWRENCE WINSHIP.

Franklin.    September 20, 1950. — November 2, 1950.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Negligence,* Motor Vehicle, Violation of law. *Proximate Cause. Evidence,* Admissions and confessions.

Evidence of the circumstances of a head-on collision of two automobiles on a highway just easterly of a junction where another road branched westerly off its south side at an acute angle warranted a finding that the collision was caused by negligence of the operator of one of the automobiles who, after proceeding easterly through the junction on his right side of the highway, observed the other automobile, travelling westerly, veering toward his side of the highway apparently to cross his path and to go into the branch road, but did nothing to avoid the accident by decreasing the speed of his automobile or altering its course although he had ample opportunity to do so.

The mere fact, that in a collision of automobiles one of them, when it was turning from one highway into another, was temporarily on the wrong side of the road in a position violative of a statute, did not require a conclusion as a matter of law that such violation was a cause, or the sole cause, of the collision.

Evidence that the defendant in an action resulting from a collision of automobiles stated the day after the accident, "I'm sorry the accident happened. It's all my fault," while not conclusive of his liability, had probative value.

TORT. Writ in the Superior Court dated December 30, 1947.

The action was tried before *O'Brien,* J.

*J. T. Bartlett,* for the defendant, submitted a brief.

No argument nor brief for the plaintiff.

COUNIHAN, J. This is an action of tort to recover for personal injuries arising out of a collision between two automobiles travelling in opposite directions on Route 2, a public highway in the town of Erving.

After denial by the judge of the defendant's motion for a directed verdict for him, the action was submitted to a jury who returned a verdict for the plaintiff which the judge re-

ceived under leave reserved. G. L. (Ter. Ed.) c. 231, § 120. Thereafter the judge denied the defendant's motion to enter a verdict for him under leave reserved. The action comes here on exceptions of the defendant to the denial of these motions.

The only issues argued by the defendant are, first, whether or not there is any evidence upon which the jury could find negligence on the defendant's part, and, second, assuming there is evidence upon which negligence on the part of the defendant could be found, whether or not there is evidence which would warrant a finding that there was a causal connection between such negligence and the plaintiff's injuries.

The plaintiff and her husband were so injured that they could remember none of the events leading to the accident except that they were on their way to Millers Falls.

On evidence most favorable to the plaintiff the jury could reasonably have found the following facts: The plaintiff was a passenger on the front seat of an automobile owned and operated by her husband and there were two passengers on the rear seat of this automobile, which will be hereinafter referred to as the plaintiff's automobile. The defendant was the operator and alone in the other automobile, which will be hereinafter referred to as the defendant's automobile. The accident happened on Route 2 which runs east and west from Orange to Greenfield. Route 2A branches off the southerly side of Route 2 at an acute angle and proceeds in a westerly direction to Millers Falls. The accident happened on June 19, 1947, at about 10:15 P.M. about three hundred feet east of the junction of Routes 2 and 2A at a point where the highway is about forty-two feet wide. On the southerly side of Route 2 east of the junction there is a gravel turnout about four hundred fifty feet long and thirteen feet wide at its widest point, gradually coming to a point at each end. The accident happened about opposite the widest point of this turnout. There is also an area several feet wide on the northerly side of Route 2 which is not a shoulder but could be driven on. There is a downgrade on Route 2 to a point just west of the junction and an up-

Hartson *v.* Winship.

grade from this point running easterly from the junction.
There is a hill approximately three hundred feet west of
the junction from the top of which the view is unobstructed
for a considerable distance in both directions. The defend-
ant came down this hill in an easterly direction at a speed
of thirty-five to forty miles an hour. As he came down this
hill he first saw the plaintiff's automobile, approaching from
the east, when it was at least "a good thousand feet away."
He crossed through the junction on his right side of the
road. The other automobile continued to come, and when
it was within a hundred feet of him, his attention was at-
tracted to it when it then started to veer to his side of the
road. He did not apply his brakes and did not decrease his
speed. He did not alter his course and did nothing to avoid
the accident. After the collision the front ends of the auto-
mobiles were jammed against each other so that they had
to be pulled apart. After the accident there was room
enough on the left side of the defendant's automobile, on
the northerly side of the highway, for two automobiles to
go by "and then some." There were no other vehicles on
Route 2 in this vicinity at the time of the accident. The
defendant was familiar with this junction. The defendant
at the hospital the day after the accident stated, "I'm sorry
the accident happened. It's all my fault."

We are of opinion that there was sufficient evidence to
warrant the jury in finding that the defendant was negligent
and that his negligence was the cause of the plaintiff's in-
juries. There was no error in the denial of the defendant's
motions.

The jury could reasonably find that he was familiar with
this junction; that when he first saw the plaintiff's auto-
mobile approaching from the east, he should have realized
that it might turn into Route 2A to go to Millers Falls;
that his attention was attracted to it when it was one hun-
dred feet away veering toward his side of the road; that
from this he could have reasonably inferred that it appar-
ently was then about to enter Route 2A; that even then he
took no adequate precaution to avoid the collision which

subsequently occurred; that he did not apply his brakes; that he did not decrease the speed of his automobile; and that he did not alter the course of his automobile although there was ample room to go to his left and avoid the accident. *Campbell* v. *Ashler*, 320 Mass. 475, 478. The jury likewise could have found that the defendant did not exercise the precaution of an ordinary prudent man. See *Barow* v. *Modoono*, 325 Mass. 522, 524. The defendant argues that, because the plaintiff's automobile was on its wrong side of the road when the collision occurred, that in itself is fatal to the plaintiff's case. This, however, is not true for we have said, "The mere fact that a vehicle, whose presence on the highways generally is not unlawful, is temporarily in a position on the street violative of a statute or ordinance does not require the conclusion that its presence is, as matter of law, a cause, or the sole cause, of a collision in which another vehicle is involved." *Nash* v. *Heald*, 306 Mass. 518, 520. See also *Wall* v. *King*, 280 Mass. 577, 581; *Butler* v. *Curran*, 302 Mass. 1, 3–4; *Reardon* v. *Marston*, 310 Mass. 461, 462; *Campbell* v. *Ashler*, 320 Mass. 475, 478; *Hubbard* v. *Conti*, 321 Mass. 743, 744–745. Compare *Newcomb* v. *Boston Protective Department*, 146 Mass. 596.

The facts in *Boyd* v. *Mills*, 278 Mass. 132, relied upon by the defendant, are not similar to the facts in the instant case.

Another point to be considered involves the admission of fault by the defendant. An admission while not conclusive has definite probative value. *Cassidy* v. *Hollingsworth*, 324 Mass. 424, 426.

*Exceptions overruled.*