ANNE SHAMGOCHIAN, administratrix, *vs.* STANLEY
DRIGOTAS.

Worcester.    September 26, 1961. — November 6, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE,
& KIRK, JJ.

*Evidence*, Admissions and confessions, Declaration of deceased person.

At the trial of an action to recover for the conscious suffering and death
of a pedestrian struck as he was crossing a street by a truck driven by
the defendant, a statement of the decedent about one hour after the
accident that "in no way did he blame the driver of the truck," found
by the judge on testimony respecting the decedent's knowledge and
recollection of the facts leading to the accident to have been "made in
good faith and on his own personal knowledge," was properly admitted
in evidence over general objection as an admission on the count for con-
scious suffering and, under G. L. c. 233, § 65, as amended, as a declara-
tion of a deceased person on both the count for conscious suffering and
the count for death.

TORT.    Writ in the Superior Court dated February 3,
1959.

The action was tried before *Brogna, J.*

*Thomas S. Carey,* for the plaintiff, submitted a brief.

*Joseph F. Sawyer, Jr.,* for the defendant.

WILLIAMS, J.    This is an action of tort to recover for the
death and conscious suffering of the plaintiff's intestate re-
sulting from a collision with an automobile operated by the
defendant.    The accident occurred at about 3:30 P.M. on
March 20, 1958, in Worcester and the decedent died on the
following May 6.    There was a verdict for the defendant
on each of the two counts of the plaintiff's declaration and
her sole exception was to the admission of a question to
a defendant's witness and the refusal to strike out the
answer.

The daughter of the decedent testified that she talked
with her father about three hours after he was injured.
He then said that he was walking west on Temple Street on

the southerly sidewalk. On reaching Harding Street, which intersected Temple Street at right angles, he looked both ways, and there being no vehicles moving on Harding Street he proceeded to cross. He had gone about eight or ten feet when he saw the defendant's motor vehicle a foot or two away from him. He was hit by the front of it, thrown down, and rendered unconscious. The next thing he remembered was the driver of the motor vehicle saying to him that he was sorry but did not see him before striking him.

An accident investigator for the police department called by the defendant testified that he talked with the decedent at the hospital about one hour after the accident. The intestate said that "he was drinking at a cafe on Grafton Street prior to the accident and that in no way did he blame the driver of the truck." The plaintiff objected and excepted to "this last statement" but the judge ruled "It may go in." Asked if he had any other conversation with him the officer said "I didn't ask him how the — about the accident, but he couldn't give me any details on it." A motion of the plaintiff that the answer of the officer about not blaming the driver of the truck be stricken and the jury instructed to disregard it was denied subject to the plaintiff's exception. The judge then found "specifically that the statement of the deceased was made in good faith and on his own personal knowledge."

In *Eldridge* v. *Barton*, 232 Mass. 183, a case involving similar facts, we had occasion to consider the admissibility of a statement by the decedent, "It is my fault; I am to blame." On exception to its exclusion it was held that the statement was admissible on the count for conscious suffering as an admission of lack of due care (p. 186) and that it would be admissible on the count for death if the trial judge should find that the preliminary requirements of the statute relating to the declaration of deceased persons (G. L. c. 233, § 65, as amended) were complied with. If the statement were merely an assertion of opinion it would not be admissible under the statute. When the form of the

statement leaves it doubtful whether it is one of fact or opinion the court must decide in which sense the declaration was made. "[E]ven where a statement such as that made by the intestate involves more or less of opinion, if it is in substance an inference of fact from a set of collective facts observed by the person making the statement, which could not be described in detail as they appeared to him, the evidence will be admissible under the rule of *Commonwealth* v. *Sturtivant,* 117 Mass. 122, 133" (p. 187).

In the present case the judge properly admitted the evidence and did not err in refusing to strike it out on general objection. *Solomon* v. *Dabrowski,* 295 Mass. 358, 359. It was plainly competent as an admission (see *Jordan* v. *MacMelville,* 342 Mass. 478, 480) on the count for conscious suffering as made by the person for the benefit of whose estate the claim was being made. We think, moreover, the statement was admissible on both counts as a declaration of a deceased person. The judge made the preliminary finding required by the statute that the statement was "upon the personal knowledge of the declarant." He was warranted by the testimony of the daughter in finding that the decedent knew and recalled the facts leading to his accident and was stating a factual conclusion, derived from his own observations, that the defendant was not negligent. See *Little* v. *Massachusetts Northeastern St. Ry.* 223 Mass. 501, 504; *Tafralian* v. *Metropolitan Life Ins. Co.* 316 Mass. 429, 430–431. His findings should not be reversed. *Slotofski* v. *Boston Elev. Ry.* 215 Mass. 318. *Ames* v. *New York, N. H. & H. R.R.* 221 Mass. 304, 306. *Kelley* v. *Jordan Marsh Co.* 278 Mass. 101, 106.

*Exceptions overruled.*