MILDRED DENTON *vs.* PARK HOTEL, INC.

Plymouth.    October 6, 1961. — February 5, 1962.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Negligence,* Dance floor, One owning or controlling real estate, Contributory. *Practice, Civil,* Requests, rulings and instructions; Auditor: findings; Exceptions: whether error harmful. *Evidence,* Relevancy and materiality, Res inter alios, Prior occurrence, Judicial discretion, Collateral issue, Admissions and confessions, Expression of sympathy. *Error,* Whether error harmful.

Evidence that in a portion of the floor of a bar where dancing was permitted and patrons often danced there was a trap door in which two metal rings were recessed into two metal squares, and that while dancing "one of the heels of . . . [a patron's] high heeled shoes caught in a ring of the trap door," causing her to fall and sustain injuries, warranted a finding that the proprietor of the bar was negligent toward the patron; and a ruling that the patron was contributorily negligent as matter of law was not required even though she "knew the trap door was there" before her fall.    [525–526]

At the trial of an action for injuries sustained in a fall when a heel of the plaintiff's shoe caught in a recessed ring of a trap door in the dance floor of the defendant's bar, there was no error in the refusal of a request by the defendant for a ruling that the "plaintiff . . . is bound by her testimony that she knew the trap door was there," since such knowledge was not decisive of the issue of her due care.    [526]

At the trial of an action for injuries sustained in a fall when a heel of the plaintiff's shoe caught in a recessed ring of a trap door in the dance floor of the defendant's bar, there was no error in the denial of a motion by the defendant to strike from the report of an auditor a finding that "the plaintiff did not notice the trap door nor the flat rings in it while she was dancing" as inconsistent with a finding that the "plaintiff knew the trap door was there."    [526]

There was no error, at the trial of an action for injuries sustained when the plaintiff fell while dancing with a deaf mute in the defendant's bar,

in the exclusion of evidence offered by the defendant that persons in the bar generally made fun of the deaf mute and looked upon him as a clown, and of photographs of him.   [527]

At the trial of an action for injuries sustained in a fall when a heel of the plaintiff's shoe caught in a recessed ring of a trap door in the dance floor of the defendant's bar, it was within the judge's discretion to admit testimony by the plaintiff's sister, who was employed as a bartender of the defendant, that on prior occasions she had "seen people trip or fall on the rings or on the trap door" and that this happened during "all the time she worked there."   [527–528]

In an action for personal injuries sustained by a patron of the defendant's bar in a fall, it was error prejudicial to the defendant to admit evidence that the defendant's manager told the patron he was "sorry" the accident happened.   [528]

TORT.   Writ in the Superior Court dated June 7, 1956.

The action was tried before *Noonan, J.*

*Melvin S. Louison,* for the defendant.

No brief nor argument for the plaintiff.

SPALDING, J.   The auditor, to whom this action of tort was referred, found for the plaintiff.   Thereafter, the case was tried to a jury who likewise found for the plaintiff. The case comes here on the defendant's exceptions to the denial of its motion for a directed verdict, to the denial of its motion to strike portions of the auditor's report, to certain rulings on evidence, and to the failure to grant a request for instruction.

1.   The defendant's motion for a directed verdict was rightly denied.   The evidence briefly summarized was as follows: Late in the afternoon of May 5, 1956, the plaintiff and her escort went to the defendant's bar where they consumed several drinks.   There was a juke box on the premises and patrons often danced when it was playing.   In one portion of the floor was a trap door.   In the door were two metal rings which were recessed into two metal squares. The rings were used to open the door.   When the door was closed the rings were flat in the metal squares and the door comprised a part of the floor used for dancing.   The plaintiff knew of the trap door, as she had danced on the floor on prior occasions.   At the suggestion of the plaintiff's sister, an employee of the defendant, the plaintiff danced with

a patron named Viera. While dancing they passed over the outer edge of the trap door and "one of the heels of the plaintiff's high heeled shoes caught in a ring of the trap door," causing her to fall, as a result of which she sustained a fractured wrist.

The plaintiff was a business invitee to whom the defendant owed a duty to use due care to maintain the premises in a reasonably safe condition. *Rossley* v. *S. S. Kresge Co.* 339 Mass. 654, 656. The indented rings, located as they were in a portion of the floor where dancing was permitted, would warrant a finding that the defendant had not discharged that duty. The fact that the plaintiff knew of the existence of the trap door did not require a finding that she was contributorily negligent as matter of law. *Boday* v. *Thibault*, 337 Mass. 243, 246. Likewise the judge did not err in denying the requested instruction that the "plaintiff . . . is bound by her testimony that she knew the trap door was there." The request "presented no crucial test by which the issue of due care could be determined." *Barnes* v. *Berkshire St. Ry.* 281 Mass. 47, 52.

2. The finding of the auditor that "the plaintiff did not notice the trap door nor the flat rings in it while she was dancing" is not inconsistent with the finding that the "plaintiff knew the trap door was there." She may have known of its existence from prior visits but she could have failed to notice it on the occasion that she caught her foot in it and fell. The denial of the defendant's motion to strike the first of the foregoing findings was not erroneous. Nor did the judge err in refusing to strike the portion of the report set forth in the margin.[1]

---

[1] "That the allowance of dancing by the defendant corporation in the open area at the rounded end of the bar where the trap door with metal rings comprised part of the dark colored floor, with defendant knowing that many of its dancing patrons would be women wearing shoes with high heels, was negligence on the part of the defendant corporation. The corporation failed in its duty to use ordinary care to keep the premises in a reasonably safe condition for one of the customary uses of the premises as a place of informal dancing by its business invitees. That plaintiff had a right to assume that the floor would be reasonably safe for the customary use of dancing and that the rings would be filled with raised portions of the trap door or wooden or other type plugs to protect the female patrons from catching their high heels in such small dark traps."

3. Viera, with whom the plaintiff was dancing at the time she fell, was a deaf mute. The judge excluded evidence offered by the defendant to the effect that persons in the bar generally made fun of Viera and looked upon him as a clown. This evidence was irrelevant and was rightly excluded. There was also no error in the exclusion of the photographs of Viera.

4. The plaintiff's sister, who was employed as a bartender of the defendant, was permitted to testify, subject to the defendant's exception, that on prior occasions she had "seen people trip or fall on the rings or on the trap door"; that this happened during "all the time she worked there." The defendant argues that this evidence was res inter alios acta, and inadmissible. The leading case on this subject is *Robitaille* v. *Netoco Community Theatre of North Attleboro, Inc.* 305 Mass. 265, which contains an exhaustive discussion by Lummus, J., with full citation of authorities. The objections to admitting evidence of this sort were pointed out at pages 266–267 of that case. To a very considerable extent admissibility of such evidence is within the discretion of the court. Whether the introduction of such evidence will result in confusion, surprise or undue protraction of the trial by an inquiry into collateral issues, is a matter as to which the trial judge is in the best position to decide. But such discretion is not unlimited and there are cases (see page 267) where such evidence has been held inadmissible through the application of a positive rule of law. We are of opinion that the judge could, in the proper exercise of his discretion, admit the evidence. It was relevant to show that a dangerous condition existed on the floor capable of causing harm of a like nature and that the defendant had knowledge of that condition. There is, of course, the danger of collateral issues and surprise. But, unlike the loose carpet in the *Robitaille* case, which may not have been in the same condition at the time of the prior accidents, the condition of the trap door (the rings recessed in the metal squares) was, in all probability, the same. In the case of the prior accidents, different persons would be

involved, and there would naturally be differences in the care and skill employed by them while dancing. But the danger of collateral issues, we think, would not be so great as to outweigh the relevancy of this evidence and require its exclusion as matter of law. See Wigmore, Evidence (3d ed.) §§ 444, 458; Hughes on Evidence, § 293; 128 A. L. R. 592, 595 et seq.

5. In the cross-examination of the defendant's manager, the plaintiff's counsel was permitted, subject to the defendant's exception, to ask the witness if he had told the plaintiff that he was "sorry" the accident happened, and the witness answered that he had. Apart from any question of the manager's authority (see *Rankin* v. *Brockton Pub. Mkt. Inc.* 257 Mass. 6, 11), this evidence ought not to have been admitted. It was no more than an expression of sympathy by the defendant's manager for the mishap which had befallen the plaintiff. *Conti* v. *Brockton Ice & Coal Co.* 295 Mass. 15, 17. It had no probative value as an admission of responsibility or liability. *Rasimas* v. *Swan,* 320 Mass. 60, 62. Common decency should not be penalized by treating such statements as admissions. The only possible reason for introducing this evidence was to lay before the jury evidence which might carry the flavor of an admission. We cannot say that this evidence was not prejudicial to the defendant, and are of opinion that the exception must be sustained. We have not overlooked the case of *Dunbar* v. *Ferrera Bros. Inc.* 306 Mass. 90, 93–94, where it was held that the refusal to strike out like testimony was not prejudicial error. But there are circumstances which distinguish that case from the present. There such testimony carried "no greater implications" than similar testimony which was introduced later by the plaintiff without objection. To the extent that the Dunbar case is at variance with what is now decided, we decline to follow it.

6. We have dealt with the principal exceptions argued by the defendant; other questions need not be discussed, as they are not likely to arise on a retrial of the case.

*Exceptions sustained.*