SYLVIA CASPER, executrix, *vs.* GEORGE LAVOIE. March 7, 1973. The plaintiff's only exception in this action of tort to recover damages for personal injuries sustained by her testate as a result of an automobile accident is to the exclusion, when offered by her on the issue of the

defendant's liability, of all but the third sentence ([3]) of the following letter written by the defendant to the plaintiff's testate five days after the accident: "[1] I'm terribly sorry for all the trouble that I've caused you. [2] I worry so much that you'll be all right & I pray in church for you. [3] Please let me know how I can help you get your car fixed. [4] I feel so bad that sometimes I feel that my whole life is affected by this. [5] Sometimes I can't sleep. [6] Again I say that I'm sorry & I hope you will be all right." The plaintiff conceded at argument that she is not entitled to prevail on this exception unless every excluded portion of the letter was admissible in evidence (see *H. E. Fletcher Co.* v. *Commonwealth,* 350 Mass. 316, 322-323, and cases cited). In our opinion the second, fourth and fifth sentences, if not the sixth, "carried no greater implication[s] of recognized liability than of regret, sympathy and benevolence" (*Conti* v. *Brockton Ice & Coal Co.* 295 Mass. 15, 17) and were inadmissible for the purpose for which they were offered. See *Wilson* v. *Daniels,* 250 Mass. 359, 364; *Kindell* v. *Ayles,* 263 Mass. 244, 248; *Rasimas* v. *Swan,* 320 Mass. 60, 61-62; *Denton* v. *Park Hotel, Inc.* 343 Mass. 524, 528; *Lyons* v. *Levine,* 352 Mass. 769; *Gallo* v. *Veliskakis,* 357 Mass. 602, 606. Cf. *Eldridge* v. *Barton,* 232 Mass. 183, 186; *Dennison* v. *Swerdlove,* 250 Mass. 507, 508-509; *Jasman* v. *Meaney,* 250 Mass. 576, 577; *Bernasconi* v. *Bassi,* 261 Mass. 26, 28; *Tully* v. *Mandell,* 269 Mass. 307, 308-309; *Woronka* v. *Sewall,* 320 Mass. 362, 364-367; *Hartson* v. *Winship,* 326 Mass. 380, 382-383.

*Exceptions overruled.*

*Richard S. Barton* for Sylvia Casper, executrix.
*Daniel A. Lynch* for George Lavoie.