NUNES vs. DUFFY, 101 Mass. App. Ct. 460

 
 JOHN NUNES vs. SARAH DUFFY & another. [Note 1]

101 Mass. App. Ct. 460
 April 7, 2022 - July 28, 2022

Court Below: Superior Court, Plymouth County
Present: Vuono, Rubin, & Walsh, JJ.

 

No. 21-P-63.

Evidence, Admissions and confessions. Practice, Civil, Admissions. Statute, Construction.

In a civil action arising from a dispute over liability in a motor vehicle collision, a Superior Court judge erred in excluding the defendant's statement to the plaintiff that the accident "was all my fault," which the defendant made contemporaneously with an apology, where, under the plain language of G. L. c. 233, § 23D, the expression of fault was admissible while the apology was not [462-465]; further, the error was prejudicial, as the statement went to the primary issue of determining liability [465]. 

Civil action commenced in the Superior Court Department on September 22, 2014. 

 The case was tried before Debra A. Squires-Lee, J. 

 The case was submitted on briefs.

 John Nunes, pro se.

 Francis J. Lynch, III, & Thomas A. Murphy for Sarah Duffy.

 Robert M. Mack & Denise M. Tremblay for C.A. Geldmacher, Inc.

 WALSH, J. This case asks us to consider whether G. L. c. 233, § 23D, which we refer to as the "benevolent gestures statute," excludes statements of fault contemporaneously expressed with an apology at the scene of an accident as evidence of liability in a civil action. After a four-day trial that primarily focused on liability, the jury concluded that neither defendant was negligent. [Note 2] The plaintiff appealed, raising several claims, including error in 

 Page 461 

the exclusion of a statement allegedly made by the defendant admitting fault. We conclude that the judge erred in excluding the statement and that the error prejudiced the plaintiff. Accordingly, we vacate the judgments and remand the case for further proceedings consistent with our decision.

 In May of 2014, high school student Sarah Duffy was driving her parents' Jeep Wrangler when she attempted to proceed northbound by making a left turn from Captain's Hill Road onto Standish Street in Duxbury. In attempting the turn, her view to her left was obstructed by two work trucks parked on the side of the road, owned by C.A. Geldmacher, Inc. At the same time, the plaintiff, John Nunes, was proceeding southbound on Standish Street driving his Harley Davidson motorcycle. Duffy testified that after stopping, she inched out onto Standish Street to get a better view around the trucks and did not see Nunes until it was too late. It is undisputed that Duffy's car was stopped and partially in Nunes's lane of travel when Nunes, unable to stop in time to avoid a collision, crashed into the Jeep. After the accident, Duffy got out of her Jeep and approached Nunes, who was lying on the ground and obviously injured. There is no question that Duffy was upset when she spoke to Nunes; however, the parties dispute what Duffy said.

 Prior to trial, Nunes was deposed. At his deposition, he claimed that Duffy said, "I'm so sorry. It was all my fault," three times. Nunes responded, "Don't worry about it. I'm okay." At her deposition, Duffy did not recall whether she said she was sorry. When asked whether she said the accident was her fault, Duffy replied, "Not to my memory. No." She claimed that she asked Nunes if he was all right and told him, "I didn't see you coming."

 Prior to empanelling a jury, the trial judge heard several motions in limine, including Duffy's motion to exclude testimony of her alleged apology and admission of fault to Nunes at the scene of the accident. The judge allowed Duffy's motion, ruling that the entire statement constituted an expression of sympathy or benevolence and was inadmissible. [Note 3] Consequently, there was no testimony about the alleged apology or admission of fault at trial. [Note 4] However, at trial the judge did indicate she would allow Duffy's statement that she did not see the motorcycle while entering the 

 Page 462 

intersection.

 Discussion. "The purpose of a motion in limine is to prevent irrelevant, inadmissible or prejudicial matters from being admitted in evidence . . . and in granting such a motion, a judge has discretion similar to that which he has when deciding whether to admit or exclude evidence" (citation omitted). Commonwealth v. Hood, 389 Mass. 581, 594 (1983). A trial judge has broad discretion in making evidentiary rulings, which we will not disturb absent an abuse of discretion or error of law. See David v. Kelly, 100 Mass. App. Ct. 443, 447 & n.7 (2021).

 In general, an admission of fault is considered an admission of a party opponent, and as such, is admissible to prove liability. Mass. G. Evid. § 801(d)(2) (2022). However, when an accident occurs, statements of sympathy or "benevolent gestures" are deemed inadmissible under G. L. c. 233, § 23D. The statute, which is based upon the public policy of encouraging people to act with humanity and decency, [Note 5] states the following: 

"Statements, writings or benevolent gestures expressing sympathy or a general sense of benevolence relating to the pain, suffering or death of a person involved in an accident and made to such person or to the family of such person shall be inadmissible as evidence of an admission of liability in a civil action."

G. L. c. 233, § 23D. See Mass. G. Evid. § 409(a) (2022). [Note 6]

 The scope of the statute as it relates to statements of fault is unsettled, however. We are unaware of any reported decision that squarely addresses its application to apologies and admissions of fault made at the same time.

 To determine whether the statute precludes the admission of the statements at issue here, we must determine what the Legislature intended when it enacted G. L. c. 233, § 23D. "When conducting 

 Page 463 

statutory interpretation, [appellate courts] strive[] 'to effectuate' the Legislature's intent by looking first to the statute's plain language." Plymouth Retirement Bd. v. Contributory Retirement Appeal Bd., 483 Mass. 600, 604 (2019), quoting Matter of E.C., 479 Mass. 113, 118 (2018). "We do so in order to determine whether the intent of the Legislature is apparent from the language itself." Adams v. Boston, 461 Mass. 602, 609 (2012). "If we determine that the intent of the Legislature is unambiguously conveyed by the statutory language, we simply end our analysis and give effect to the legislative intent." Id. Here, the plain language of the statute makes clear that only statements of sorrow or apology are barred, and admissions of fault or liability are not. We therefore conclude that the Legislature enacted the law to exclude expressions of sympathy after an accident, but did not intend to include admissions of fault. [Note 7]

 A review of case law surrounding this issue confirms our interpretation of the statute. To the extent the case law decided prior to the adoption of the statute distinguished expressions of sympathy from admissions, our reading of the statute is consistent with it. For instance, in Denton v. Park Hotel, Inc., 343 Mass. 524, 525-526 (1962), the plaintiff, after consuming numerous alcoholic beverages, fell and broke her wrist when the heel of her shoe caught in a recessed ring of a trap door in an area of the defendant's bar where dancing was permitted. At trial, the judge permitted the manager of the bar to testify, over objection, that he told the plaintiff that he was "sorry" the accident happened. Id. at 528. The Supreme Judicial Court concluded that the evidence was inadmissible and prejudicial to the defendant, explaining that "[the statement] was no more than an expression of sympathy" for "the mishap which had befallen the plaintiff," and "had no probative value as an admission of responsibility or liability." Id. The court commented that "[c]ommon decency should not be penalized by treating such statements as admissions." Id. See Gallo v. Veliskakis, 357 Mass. 602, 606 (1970) (statement by defendant that he was sorry about accident and that victim should not worry because all medical bills would be taken care of was of "doubtful admissibility" and was "a natural expression of sympathy which had no probative value as an admission of responsibility or liability"); Rasimas v. Swan, 320 Mass. 60, 61-62 

 Page 464 

(1946) (statement of employer telling employee that he was sorry she was injured and he would "compensate for [her] loss" by increasing her wages when she returned was "an expression of regret for the injury" and not "an admission of responsibility or of liability").

 In contrast, our cases have consistently held that statements of fault are admissible. In Zandan v. Radner, 242 Mass. 503, 504 (1922), for example, the defendant was driving his Ford automobile and stopped by his parent's home in Springfield. He parked in front of the home. About an hour later, the plaintiff was walking on the sidewalk and was hit by the defendant's car over 600 feet from where it had been left. Id. At trial, one issue was whether the defendant had left the car running or whether the car had been started by a third person. Id. at 504-505. The plaintiff's son testified at trial that the defendant told him a few days after the accident that "in substance" the accident was the defendant's fault. Id. at 504. The court implicitly considered the admission to have been properly before the jury, and concluded it "had probative force" sufficient to survive the defendant's motion for a directed verdict. Id. at 505.

 Similarly, in Hartson v. Winship, 326 Mass. 380 (1950), two motor vehicles were involved in a serious head-on collision. At the hospital the next day, the defendant said, "I'm sorry the accident happened. It's all my fault." Id. at 382. His entire statement was admitted at the jury trial. Id. The Supreme Judicial Court upheld the plaintiff's verdict, noting that "[a]n admission while not conclusive has definite probative value." Id. at 383. See Shamgochian v. Drigotas, 343 Mass. 139 (1961) (statement made by victim, prior to his death, that he had been drinking at local cafe before accident and did not blame driver of car that hit him was admissible as admission and as declaration of deceased person).

 In light of the foregoing, Duffy's statements can be and should have been broken down into two parts. We agree with the trial judge that the portion of the alleged statement which expressed sympathy using the words "I'm so sorry" is similar to the statement at issue in Denton, 343 Mass. at 525-526, and inadmissible under the benevolent gestures statute. In fact, counsel for the plaintiff conceded this very issue. However, the second portion of the statement -- "It was all my fault" -- is not merely an expression of sympathy. Rather, it is an admission of liability. See Hartson, 326 Mass. at 383; Zandan, 242 Mass. at 505.

 Page 465 

 Under the plain language of the statute it was an error of law to exclude this testimony based upon the mistaken belief that admissions of liability should not be separated from expressions of sympathy that were made in the context of being involved in an extremely distressful occurrence. [Note 8] See Adoption of Iliana, 96 Mass. App. Ct. 397, 403-406 (2019) (judge's misinterpretation of statute leading to exclusion of evidence was prejudicial error of law); Turner v. Leonard, Inc., 17 Mass. App. Ct. 909, 910-911 (1983) (error of law where judge admitted testimony in reliance on incorrect belief that owner of property is permitted as matter of law to testify about its value).

 Having decided that an error of law did occur, we must next consider whether the exclusion of this evidence resulted in prejudicial error. See Wahlstrom v. JPA IV Mgt. Co., 95 Mass. App. Ct. 445, 447-448 (2019). Almost the entire trial focused on who caused the accident, while a subsidiary issue involved Nunes's claim of damages. Nunes claimed that Geldmacher was negligent for obstructing the view of the road and that Duffy was negligent for failing to use reasonable care in driving. Duffy and Geldmacher claimed that Nunes was at fault because he could have avoided the accident if he had used both brakes instead of only using his rear brake. Duffy also claimed that Geldmacher was at fault for the collision because the work trucks impeded her ability to enter the intersection safely. Since the jury were charged with determining fault, and the statement allegedly made by Duffy three times that the accident "was all [her] fault" was highly probative to that endeavor, we cannot say the error was not prejudicial. Accordingly, Nunes is entitled to a new trial. [Note 9] We vacate the judgments and remand for further proceedings consistent with this opinion.

So ordered.

FOOTNOTES
[Note 1] C.A. Geldmacher, Inc. Tristan Partain, doing business as Partain & Son Construction, was named as a defendant, but was dismissed by agreement in the Superior Court. 

[Note 2] The special jury questions asked the jurors to consider, first, whether Sarah Duffy was negligent and, second, whether C.A. Geldmacher was negligent. Since the jurors answered "No" to both questions, consistent with the questionnaire, they did not deliberate about the issue of contributory negligence. 

[Note 3] Duffy filed a motion to exclude the entire statement. 

[Note 4] One witness to the accident did testify that Duffy got out of the car and said, "I'm sorry, I'm sorry." But the judge immediately instructed the jury to disregard the testimony. 

[Note 5] Massachusetts was the first State to adopt such a statute, and others soon followed. See Cohen, Legislating Apology: The Pros and Cons, 70 U. Cin. L. Rev. 819, 827 (2002). The driving force behind the bill in Massachusetts was a former State senator, whose oldest daughter was killed in a bicycle accident in the 1970s. Id. The senator was upset that he had never heard an apology from the driver. Id. The law was crafted to allow an individual or a family to express their condolences without fear of having them be admitted in court. Id. 

[Note 6] The benevolent gestures statute defines "[b]enevolent gestures" as "actions which convey a sense of compassion or commiseration emanating from humane impulses." G. L. c. 233, § 23D. 

[Note 7] As a practical matter, given that the admission of fault will be considered by the fact finder, defense counsel most likely will chose to introduce in evidence the fact that their client apologized. 

[Note 8] We note that the judge appeared concerned that Nunes's claim that Duffy said "It was all my fault" was not corroborated. At one point the judge asked if anyone other than Nunes heard or admitted to making the statement. The judge's concern goes to the weight of the evidence and not its admissibility. See Adoption of Olivette, 79 Mass. App. Ct. 141, 149-150 (2011). 

[Note 9] Because we have vacated the judgments and ordered a new trial, we need not address the plaintiff's remaining claims. 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.