NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1075

THANH C. TRAN

vs.

LIBERTY MUTUAL GROUP INC. & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Thanh C. Tran (employee), appeals from an adverse judgment entered after a Superior Court jury found that he failed to prove his employment discrimination or retaliation claims against the defendants, Liberty Mutual Group Inc., Liberty Mutual Insurance Co., and Liberty Mutual Group Asset Management Inc. (Liberty Mutual), and Liberty Mutual employee Terri Z. Campbell.  The employee raises a host of issues, most of which were not raised before the Superior Court and thus are not properly before us.  Concluding that none of the preserved claims constitute reversible error, we affirm.

_____

[1] Liberty Mutual Insurance Co., Liberty Mutual Group Asset Management Inc., and Terri Z. Campbell.

1.  Self-help discovery.  The employee raises several arguments on appeal challenging the jury instructions on self-help discovery.  As the employee now argues, whether an employee's taking any particular work document constitutes self-help discovery is a legal question for the trial judge, rather than a fact question for the jury.  See Verdrager v. Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., 474 Mass. 382, 411 n.35 (2016).  Nonetheless, the employee did not ask the trial judge to make the legal determination on which documents were appropriately taken as part of self-help discovery, and indeed specifically requested that the issue be submitted to the jury.  Accordingly, the propriety of giving that issue to the jury is not before us.  See Kennie v. Natural Resource Dep't of Dennis, 451 Mass. 754, 759 n.12 (2008) (argument must be raised in Superior Court to preserve issue for appeal).

At trial, the employee raised two objections to the jury instructions on self-help discovery, that the inquiry should "look at the totality of the conduct," rather than each e-mail message, and that "the standard . . . articulated . . . in the jury instruction really would require an employee to be perfect with what they do and what they send to themselves."  Neither of these objections have merit.

2

Many of the factors set forth in Verdrager require a document-by-document analysis, rather than consideration of the employee's actions as a whole, asking "how the employee came to have possession of, or access to, the document," "the strength of the employee's expressed reason for copying the document," "what the employee did with the document," and "the nature and content of the particular document" (emphases added). Verdrager, 474 Mass. at 413-414, quoting Quinlan v. Curtiss-Wright Corp., 204 N.J. 239, 269-270 (2010). Indeed, the Supreme Judicial Court specifically stated that "[t]he application of this test in particular cases may well result in determinations that certain acts of self-help discovery by the same employee are reasonable, while others are not" and that this "would not be unexpected." Verdrager, supra at 414. This is entirely inconsistent with the employee's view that a document-by-document analysis is improper.

Similarly, the Supreme Judicial Court placed the risk of error in the self-help analysis squarely on the employee. The court warned that "employees pursuing discrimination claims who access, copy, or disseminate confidential material 'even under the best of circumstances . . . run the significant risk that the conduct in which they engage will not be found . . . [ultimately] to fall within the protection[s]' of the statute."

3

Verdrager, 474 Mass. at 412, quoting Quinlan, 204 N.J. at 272. Indeed, far from prohibiting employers from firing employees for marginally unreasonable acts of self-help discovery, the court held out the possibility that employers may be protected from liability "if they are found to have taken adverse action against an employee on the basis of her reasonable acts of self-help discovery, but are also found to have acted based on a good faith mistake of law that her actions were unreasonable and unprotected." Verdrager, supra at 414 n.39. With this understanding, we discern no preserved error in the judge's instruction that, if "Liberty Mutual terminated Mr. Tran because he forwarded to his personal e-mail information that is confidential or sensitive and has little, if any, bearing on his performance, such action by Liberty Mutual would not be unlawful retaliation."

2. Retaliation instructions and verdict slip. The employee challenges the retaliation jury instructions and verdict slip and the trial judge's response to a jury question. Because the employee did not object to the jury instructions or to the verdict slip, our review is limited to the judge's response to the jury question. See Motsis v. Ming's Supermkt., Inc., 96 Mass. App. Ct. 371, 383 (2019) ("Any objection to the form of a verdict slip must be timely raised"); Salvi v. Suffolk

4

County Sheriff's Dep't, 67 Mass. App. Ct. 596, 608 (2006) ("As objections were not presented to the trial judge, the arguments are waived"). We review a judge's response to a jury question for an abuse of discretion. See Commonwealth v. Cassidy, 470 Mass. 201, 223 (2014), quoting Commonwealth v. Monteagudo, 427 Mass. 484, 488 (1998) ("The proper response to a jury question must remain within the discretion of the trial judge, who has observed the evidence and the jury firsthand and can tailor supplemental instructions accordingly"); Paiva v. Kaplan, 99 Mass. App. Ct. 645, 648, 654 (2021). There was none here.

The jury asked, "Retaliation about filing a complaint of discrimination or about sending e-mails with protected information or both?"[2] The employee asked the judge to instruct the jury that retaliation may be based on retaliation for filing a complaint about discrimination or for sending the self-help discovery e-mail messages. Instead, the trial judge directed the jury to three pages of the jury instructions, which adequately distinguished those theories. The referenced instructions included that "[t]he plaintiff claims that the defendant retaliated against him because he made complaints of

_____

[2] There was a number "2" at the top right of the page, which we understand to mean that the jurors were asking about question two on the verdict form, "Did Thanh Tran meet his burden to prove retaliation by Liberty Mutual or Terri Campbell?"

5

discrimination," as well as the elements of that claim, and a passage explaining, "If you find that Liberty Mutual terminated Mr. Tran because he forwarded, to his personal email, communications with Ms. Campbell or information directly bearing on his performance, such action by Liberty Mutual would be unlawful retaliation."  This response was within the judge's discretion.  See Pardo v. General Hosp. Corp., 446 Mass. 1, 22-23 (2006) (judge accurately instructed on the law).

3.  Evidentiary issues.[3]  a.  Standard of review.  "[W]e review the trial judge's evidentiary ruling for an abuse of discretion or error of law."  David v. Kelly, 100 Mass. App. Ct. 443, 447 (2021), quoting Antoniadis v. Basnight, 99 Mass. App. Ct. 172, 176 (2021).  If there is error, we reverse only if the error is prejudicial.  Nunes v. Duffy, 101 Mass. App. Ct. 460, 465 (2022).  Our review is limited to issues raised before the Superior Court judge.  See Kennie, 451 Mass. at 759 n.12.[4]

---

[3] We do not reach the employee's argument concerning the limitations placed on his evidence of emotional distress damages.  As we are affirming the judgment against the employee on liability, the amount of damages is moot.  See Quincy v. Massachusetts Water Resources Auth., 421 Mass. 463, 471 (1995).

[4] Accordingly, we do not discuss the unobjected-to portions of the cross-examination of the employee or the handling of the organization chart, which the employee never moved to admit in evidence.

b.  Samuel Bahng deposition.  At trial, the employee objected to the admission of four portions of Bahng's deposition, each to the effect that Bahng did not believe that Campbell was racist, on the ground that they were barred by an earlier order of the court.  On appeal, the employee raises various new arguments against the admission of this testimony, but none of those arguments were raised in the Superior Court. Objections on different grounds from those raised on appeal do not preserve the grounds not raised in the trial court.  See Conway v. Planet Fitness Holdings, LLC, 101 Mass. App. Ct. 89, 101 (2022); Paiva, 99 Mass. App. Ct. at 654.

Similarly, the employee argues that Bahng's testimony about the impropriety of forwarding confidential work information to personal e-mail lacked foundation and constituted impermissible testimony on the ultimate issue.  At trial, however, the employee objected solely on the grounds that this testimony was "irrelevant, duplicative, cumulative and is outweighed by prejudice."  Again, the employee's arguments on appeal were not preserved in Superior Court.  See Conway, 101 Mass. App. Ct. at 101; Paiva, 99 Mass. App. Ct. at 654.

c.  Character evidence.  The employee argues that several instances of testimony were improperly admitted because they constituted impermissible character evidence.  Again, the

employee failed to object to most of this evidence at trial and thus has waived review.  See Kennie, 451 Mass. at 759 n.12.

The employee did object to being asked on cross-examination whether he was on medical leave and whether he had "searched on Google for romantic restaurants and where to buy chocolate."  He confirmed he was on medical leave and stated that he could not remember whether he had conducted that Google search.  Even assuming that this admittedly far-afield cross-examination was improper, these are minor points, and "we are unconvinced that the plaintiff[] [was] so prejudiced by any error as to require reversal."  Global Investors Agent Corp. v. National Fire Ins. Co. of Hartford, 76 Mass. App. Ct. 812, 825 (2010).[5]

d.  Wage discrimination evidence.  After the employee testified that another Liberty Mutual employee's pay had been rising faster than his own, the trial judge sustained an objection thus preventing the employee from explaining what he thought that data showed.  The data in question was never moved into evidence.  The trial judge properly excluded the employee from interpreting this data because it falls outside the scope

_____

[5] The employee also challenges a document that was displayed for the jury without being admitted into evidence.  After the employee objected, the judge had the document taken down.  Any error in the document being displayed prior to the employee's objection or during the sidebar conference discussing the objection is not preserved, so we do not review it.

8

of lay testimony.  See Mass. G. Evid. § 701 (2023) ("If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is [a] rationally based on the witness's perception; [b] helpful to a clear understanding of the witness's testimony or in determining a fact in issue; and [c] not based on scientific, technical, or other specialized knowledge").  Accord Halawi Inv. Trust, S.A.L. v. Bacon, 104 Mass. App. Ct. 475, 481 (2024).

e.  Reason for termination.  At trial, while the employee's counsel was trying to establish that the employee had been terminated only for sending the e-mail messages and not for performance reasons, the employee testified that, "during discovery, . . . they tried to change the reasons."  The defendants objected, and the trial judge struck the answer.  The employee provided no offer of proof or explanation how the defendants changed their reasons during litigation or how that would be relevant.  "To preserve the issue for appeal, [the proponent] was required to make an offer of proof . . . , unless the substance of that testimony was clear from the context." Motsis, 96 Mass. App. Ct. at 381.  Accord Cavanagh v. Cavanagh, 490 Mass. 398, 428 n.29 (2022).[6]  On this record, we discern no

_____

[6] The employee's attempt to fill this gap on appeal with his own, untested affidavit stating that the updated interrogatories "include[d] after-acquired evidence for my termination" does not

9

error in the judge's ruling, nor could we find any prejudice from merely striking the unexplored and uncorroborated suggestion that the defendants changed the reason for the termination during discovery.

4. Spoliation of a personnel file. "A judge may impose sanctions for the spoliation of evidence if a party 'negligently or intentionally loses or destroys evidence that the [party] knows or reasonably should know might be relevant to a possible action.'" Zaleskas v. Brigham & Women's Hosp., 97 Mass. App. Ct. 55, 75 (2020), quoting Scott v. Garfield, 454 Mass. 790, 798 (2009). See Keene v. Brigham & Women's Hosp., Inc., 439 Mass. 223, 234 (2003) ("The doctrine [of spoliation] is based on the premise that a party who has negligently or intentionally lost or destroyed evidence known to be relevant for an upcoming legal proceeding should be held accountable for any unfair prejudice that results"). We review a trial judge's spoliation decision for an abuse of discretion. See Zaleskas, supra.

Here, Liberty Mutual destroyed the personnel file of John Choe, a former employee who the employee asserts was discriminated against based on his ethnicity (the same ethnicity

solve the problem. This new affidavit is not part of the record on appeal, see Mass. R. A. P. 8 (a), as appearing in 481 Mass. 1611 (2019), and an offer of proof must be provided at trial, where the judge can take it into account in ruling on the objection.

10

as the employee).[7]  It appears that the important evidence expected in the personnel file was a performance warning and a notice that Choe was placed on probation, the existence of which the defendants agreed not to and did not challenge. Additionally, the jury were told that Liberty Mutual destroyed the file and heard testimony from Choe about his experience at Liberty Mutual.  This adequately "addressed . . . the precise unfairness that would otherwise result."  Fletcher v. Dorchester Mut. Ins. Co., 437 Mass. 544, 550 (2002).  This remedy was within the judge's discretion.

5.  Withdrawal of employee's counsel.  The employee argues that he was prejudiced by his initial counsel's withdrawing before his trial.[8]  We need not reach this issue because the employee litigated and lost it in a previous appeal before a panel of this court.  Tran v. Liberty Mut. Group, Inc., 103 Mass. App. Ct. 1110 (2023).  See Jarosz v. Palmer, 436 Mass. 526, 530-531 (2002), quoting Cousineau v. Laramee, 388 Mass. 859, 863 n.4 (1983) ("when an issue has been 'actually litigated

---

[7] Liberty Mutual destroyed Choe's file four years after Choe resigned, pursuant to its normal retention policy.  This was after the employee had filed a complaint with the Massachusetts Commission Against Discrimination but before the employee filed this action.

[8] The employee was represented by different counsel at trial.

11

and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties whether on the same or different claim'").[9]

Amended judgment entered
  August 15, 2023, affirmed.

By the Court (Sacks,
  Ditkoff & Toone, JJ.[10]),

*Paul Little*

Clerk

Entered:  December 3, 2024.

---

[9] All parties' requests for attorney's fees are denied.  The employee is not the prevailing party, cf. G. L. c. 151B, § 9 (allowing award of attorney's fees where "court finds for the petitioner" on employment discrimination claim), and his appeal is far from frivolous, see Marion v. Massachusetts Hous. Fin. Agency, 68 Mass. App. Ct. 208, 212 (2007) ("We may award appellate attorney's fees when we determine that an appeal is frivolous").

[10] The panelists are listed in order of seniority.